CASE 20—PETITION ORDINARY—JUNE 25.

# Arthur vs. Green.

APPEAL FROM THE GRAYSON CIRCUIT COURT.

A county judge has no power to determine whether a slave that has been arrested is a runaway, and commit him to jail as such. This power belongs exclusively to justices of the peace.

WINTERSMITH, for appellant, cited *Rev. Statutes, chap.* 93, *art.* 6 ; *Civil Code, sec.* 24.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought by the jailer of Hardin county against Willis Green, for his fees as jailer, for keeping a slave of the defendant that had been committed to his custody, as a runaway, by the county judge of that county.

The only question to be decided is, has a county judge the power to determine whether a slave that has been arrested is a runaway, and commit him to jail as such, or does this power belong exclusively to justices of the peace?

The statute in relation to runaways provides, that every slave arrested as a runaway shall be taken before a justice of the peace, who, if there be reasonable cause to suspect that such slave is a runaway, is, under circumstances mentioned in the statute, authorized to have the slave delivered to the jailer of his county. The precept of the justice is the authority of the jailer to keep the slave until demanded by the owner.

A county judge has all the powers of a justice in penal and criminal proceedings, and in a court of inquiry in such proceedings. (1 vol. Revised Statutes, 325.) But this provision does not confer upon him the power to dispose of a slave arrested as a runaway—such disposition not being either a penal or criminal proceeding. Nor has such a power been conferred upon him by any statute.

The 24th section of the Civil Code gives to quarterly courts jurisdiction of all actions or proceedings of which justices of the peace have jurisdiction, and it is argued that the county judge has thereby the same power over a runaway slave that the statute has conferred upon justices of the peace.

The provision of the Code relates, however, to the jurisdiction of the quarterly court, and does not confer any power on the county judge, except when he is holding a quarterly court. Besides, the proceedings there referred to are civil proceedings merely, and do not embrace an inquiry into the truth of the charge that a slave arrested as such is a runaway.

There does not seem to be any law which authorizes that inquiry to be made by a county judge, or which empowers him to commit a slave that has been apprehended as a runa-

way, to the custody of the jailer, consequently, the plaintiff in the action had no legal authority to keep the slave in custody, and is not entitled to any fees against the owner for so doing.

Wherefore the judgment is affirmed.