CASE 10————DECEMBER 14.

## Johnson vs. Erwine.

APPEAL FROM M'LEAN CIRCUIT COURT.

A warrant of forcible entry and detainer can only be issued by a justice of the peace.  A county judge cannot issue the warrant, and such process, when issued by him, together with all the steps taken thereunder, is void.

Johnson sued out from the presiding judge of the McLean county court a warrant of forcible detainer against Erwine. On the inquisition in the country a verdict and judgment were rendered against the defendant, who traversed the inquisition. Upon the calling of the cause in the circuit court Erwine moved to quash the warrant, with the other proceedings had under it, and to dismiss the case, because the warrant had been issued by the county judge, which motion was overruled.

The law and facts were submitted to the court, and judgment was rendered for Erwine, from which Johnson appeals.

A. M. STOUT, for appellant.
YEAMAN & LITTLE, for appellee.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

A writ of forcible entry and detainer can only be issued by a justice of the peace. Such was the law under the act of 1810, (1st vol. Digest, 725,) and the Civil Code (section 502,) prescribes the same mode of procedure in such cases.

A county judge, though possessing all the powers of a justice of the peace in criminal and penal cases, and other powers of a like character enumerated in the Revised Statutes, (1st vol. Stanton's edition, 325,) has no right to issue a warrant of forcible entry and detainer; and such process, when issued by him, together with all steps taken thereunder, is void. We therefore think that the motion of the appellee to quash the warrant, together with the other proceedings had under it, and to dismiss the case, should have prevailed.

The judgment of the court below was, however, in his favor; and as the appellant had no right to proceed under a warrant from the county judge, and failed, in any view of the case, to show himself entitled to a judgment of restitution, he cannot justly complain of the judgment appealed from.

Wherefore said judgment is *affirmed*.