Cessna vs. Stedman.

BRISTOW & PETREE, for appellant, cited *Rev. Stat.*, *art. 5*, *ch.* 86.

H. G. BIBB for appellees.

---

CASE 17—FORCIBLE ENTRY AND DETAINER—SEPTEMBER 23.

## Cessna vs. Stedman.

### APPEAL FROM LARUE CIRCUIT COURT.

By the act creating the office of police judge of Hodgensville (*Sess. Acts,* 1853–4), giving him " concurrent jurisdiction with justices of the peace in *all* civil cases," and the 767th section of the Civil Code, he has jurisdiction in cases of forcible entry and detainer. His court, in that respect, is considered a justices' court, territorially coextensive with it. (3 *Met.,* 75 *to* 251.)

Cessna vs. Stedman.

READ & NEVITT, for appellant, cited 3 *Met.*, 251 ; *Civil Code*, sec. 767 ; 3 *Bibb*, 100 ; 9 *B. M.*, 239 ; 7 *J. J. M.*, 252 ; 1 *Dana*, 227 ; 2 *Bibb*, 431 ; 3 *Mon.*, 263 ; 4 *Bibb*, 501 ; 1 *J. J. M.*, 45 ; 1 *Marsh.*, 54.

C. G. WINTERSMITH for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT ;

On a traverse to the circuit court of an inquisition on a warrant of forcible entry and detainer, issued by the police judge of Hodgensville, in Larue county, the court quashed the warrant and dismissed the case, on the assumed ground that the police judge had no jurisdiction, and that, therefore, the warrant was void. That judgment presents the only question for consideration on this appeal

The statute of 1853–4 (*Session Acts*, 274), which created the office of police judge in Hodgensville, provides that " he shall have concurrent jurisdiction with justices of the peace in *all* civil cases."

And the 767th section of the Civil Code provides that " where courts have been, or may be hereafter created. having a similar jurisdiction "—" with justices' courts "—" they shall be considered as justices' courts in the meaning of this Code."

By these enactments the jurisdiction of justices of the peace, in cases of forcible entry and detainer, was conferred on the police judge of Hodgensville, whose court, in that respect, " is considered" a justices' court, and territorially coextensive with it ; and we have seen no statutory repeal or modification of the foregoing enactments.

It would seem clear, therefore, that the police judge had jurisdiction to issue the warrant in this case.

The fact that a county judge has no such authority, as adjudged in *Johnson vs Irvine* (3 *Met.*, 251), does not, as argued, affect this question. The jurisdiction of the county judges is special, and so limited as not to be coextensive with that of justices in civil cases, and as not to embrace cases of forcible entry and detainer. Nor does the case of *Arthur vs. Green* (3 *Met.*, 75) apply to the question in this case, otherwise than as an intimation of concurrence with our conclusion. It was decided in that case that a county judge had no authority to

arrest a slave as a runaway, because the specification of his limited jurisdiction does not embrace that class of cases, but only criminal and penal cases, and a few other cases, not including that of runaways. But that case tacitly admits that the quarterly courts, as contradistinguished from the county judges, have jurisdiction to arrest runaway slaves, because, as the court in that case said, the 24th section of the Code gives to them jurisdiction in "all proceedings of which justices of the peace have jurisdiction." This is, as far as it goes, an authority in favor of the jurisdiction of the police judge to issue the warrant in this case.

Wherefore, the judgment of quashal and dismission is reversed, and the cause remanded for further proceedings.