THE FIRST NATIONAL BANK OF BRATTLEBORO *v.* ESTATE OF SILAS M. WAITE, IN INSOLVENCY.

*Insolvent Law. Power of Assignee and Debtor as to the Prosecution of Suits.* R. L. Chap. 93.

Under the insolvent law the debtor has no control over the prosecution or settlement of suits against his estate; this power is lodged with the assignee; thus, in a cause pending in the Supreme Court, the judgment below, against the objection of the debtor, was affirmed in accordance with a stipulation between the creditor and the assignee, and a motion, filed by the debtor at a subsequent term, to have the cause brought forward and heard, was dismissed; and this on the ground that the debtor was not a party to the proceedings.

MOTION by insolvent debtor to have cause decided at a former term brought forward and heard.

*Barrett,* for Waite.

A discharge is not granted if the debtor " has admitted a false or fictitious debt against his estate." R. L. s. 1853. Cannot he be heard in any court where the case is pending, to show that the debt was false, &c.? The debtor is subject always to examination; and the judges of the Supreme Court shall make rules for regulating the practice and con-

ducting the business, &c. R. L. ss. 1789, 1839; SHAW, Ch. J., in 3 Gray, 115; *Chamberlain* v. *Hall*, 3 Gray, 250; Mass. Ins. Law, s. 85. Under the probate law, a creditor, legatee, or heir, would have a right to prosecute an appeal. R. L. s. 2275.

It is not for the assignee, upon his own mere and independent volition, after accepting our aid and coöperation in the manner and to the extent shown here, after such coöperation rendered under the circumstances of this case, causing full, implicit, undoubting expectations and reliance, and rendered for the very purpose of having the case fully heard and determined, now to back out and leave us in the *lurch*—and that merely upon the most technical ground that in name he is the excepting party.

Court will hold the case for hearing just as it is—treating the debtor upon the record, as he was in fact, as the excepting party.

*E. L. Waterman* and *K. Haskins*, for the plaintiff.

The assignee has plenary powers, under the statute, for doing everything in relation to the estate, which the debtor might have done when solvent. It cannot be that the statute, using such unequivocal language, intended to give the assignee and debtor concurrent control of the estate, and all its interests.

The assignee may redeem mortgages, liens, &c., and sell the property. R. L. s. 1821.

He may, under the direction of the judge, submit a controversy to arbitration, and " compound and settle such controversy, by agreement with the other party, and as is most for the interest of the estate." R. L. s. 1825.

If he can do this, he certainly can submit to a judgment for the smallest amount named in a referee's report, made after two long, tedious hearings before commissioners and referee, with elaborate arguments, and a full and laborious investigation by the referee.

Even if the debtor has an interest in the result, as affecting his right to a discharge, that can give him no right to appear in a suit as a party litigant, and even control it, against the authority of the assignee. *Barstow* v. *Adams*, 2 Day, 70; 2 Bl. Com. 485; *Richards* v. *Merriam*, 65 Mass. 582; *Lafountain* v. *Savings Bank*, 56 Vt. 332; 26 Ark. 44; 3 W. & M. 38; 4 B. R. 446.

The opinion of the court was delivered by

TAFT, J. The First National Bank of Brattleboro presented a claim against the estate of Silas M. Waite, in insolvency. The case passed to the County Court, and was referred by consent of the parties, and heard upon the referee's report. Judgment was rendered for plaintiff, and the case passed upon exceptions to the Supreme Court for Windham County at its February Term, 1884. A stipulation was entered into by the bank and the assignees of the Waite estate, that the judgment of the County Court might be, and it was, affirmed. Counsel appeared for Waite personally and objected to the affirmance of the judgment, claiming a right to be heard upon the exceptions. At the February Term, 1885, Waite filed a motion to have the cause brought upon the docket and reinstated for hearing, claiming the right to have the cause heard and determined by the Supreme Court. Whether he had such right, is the question now before us.

Upon the adjudication of insolvency, the judge of the court assigns and conveys to the assignee all the attachable estate of the debtor; and such estate vests in the assignee. The assignee has power to recover such estate; and under the direction of the judge to submit controversies arising in settlement of demands against, or debts due to, the estate, to arbitration; may compound and settle such controversies by agreement with the adverse party. R. L. chap. 93.

It will be seen by reference to that chapter, that the entire disposal and settlement of the estate is placed in the

hands of the assignee; and such is the only practical way in which insolvent estates can be settled. We do not think it was contemplated by the legislative power that the insolvent should interfere in the settlement of his estate, or control the action of the assignee. Nor is such a course warranted by the words or the spirit of the act.

It may be that in most cases the insolvent can impart valuable information in relation to the prosecution or defence of demands by or against the estate, and may often be a more valuable party in such matters than the assignee himself. But this does not alter the legal rights of the latter. He is the responsible party in administering the estate; is under bonds for a faithful performance of duty; and to him alone can the creditors look for a speedy settlement of the estate. The judgment in this case was entered by consent of the attorneys of record appearing for the claimant and the assignees; and although the debtor may have an interest in the result, he was not a party to the proceedings, and had no right to control the litigation. After he was adjudged an insolvent and assignees appointed for his estate, the control of the estate in all respects passed to the latter. The motion, therefore, is denied.