STATE OF MAINE *vs.* ALONZO ADAMS and another.

Sagadahoc. Opinion December 9, 1886.

*Practice. Affirmation. Jurat. Fishing in Winnegance Creek. Spec. Stat. 1885, c. 463. Stat. 1885, c. 262. Pleading.*

The magistrate's certificate that the complainant in a criminal prosecution affirmed to the truth of the complaint, conclusively implies that he was conscientiously scrupulous of taking an oath, and he was, therefore, permitted to affirm, and that he affirmed in the form prescribed by the statute.

To convict a person for violating any of the provisions of Priv. and Spec. L. of 1885, c. 463, enacted for the protection of bass in Winnegance Creek, it need not be shown that the notices described in Pub. L. of 1885, c. 262, were posted, the latter provision having no application to the former.

A complaint against one for using nets without the prescribed attachments thereto, in Winnegance Creek, need not allege the owner's name.

A complaint under Priv. and Spec. L. of 1885, c. 463, sufficiently setting out an unlawful using of the kind of net forbidden by § 3, and also alleging the illegal killing of bass under § 5, is not bad for duplicity, the latter allegation being in the nature of an aggravation of the former offence. And when no venue is laid for the latter it may be rejected as surplusage.

A complaint properly setting out the offence of using a net of the kind forbidden by § 3, is valid, although it alleges the forfeiture in the future tense.

ON EXCEPTIONS.

This is an appeal from the municipal court for the city of Bath, on a complaint for a violation of sections 3 and 5, of chapter 463, of the Private and Special Laws of 1885. By leave of court the respondents retracted their plea of not guilty and

demurred. The court overruled the demurrer, and the defendants alleged exceptions.

*F. J. Baker*, county attorney, for the state, cited: R. S., c. 134, § § 2, 3 ; *Com.* v. *Fisher*, 7 Gray, 492 ; *State* v. *Harris*, 2 Halst. 361 ; *Com.* v. *Bennett*, 7 Allen, 533 ; *Com.* v. *Keefe*, 7 Gray, 332 ; *Com.* v. *Wallace*, 14 Gray, 382 ; *Com.* v. *McCurdy*, 5 Mass. 324 ; *Burnham* v. *Webster*, 5 Mass. 266 ; *Pierce* v. *Kimball*, 9 Maine, 56 ; *State* v. *Conley*, 39 Maine, 92.

*A. N. Williams*, for defendants.

At common law, to authorize a magistrate to issue his warrant for the apprehension of a supposed criminal, it was necessary that the complaint should be made under oath. 1 Chitty, C. L. 34 ; 4 Bl. Com. 290 ; 2 Hale, P. C. 108–10 ; *State* v. *J. H.* 1 Tyl. 444 ; *Conner* v. *Com.* 3 Binn. 38. Affirmation was not sufficient. 1 Chitty, C. L. 34. In fact, to be a witness in any proceeding, civil or criminal, the taking of an oath was an absolute prerequisite. 1 Chitty, C. L. 34 ; *Rex* v. *John Gardner, Esq.* 2 Burr. 1117.

Defendants say that the plain and evident construction of the constitution, taken in connection with the two sections, R. S., is to allow those persons, and those only, whose consciences revolt at taking an oath as an offence against God, to affirm. And this construction is in perfect accord with the authorities on this subject. 2 Bish. C. L. 1018 ; 1 Chitty, C. L. 593.

The form of the affirmation being prescribed by statute, the omission of the magistrate to incorporate into his jurat the exact substance of the statute, is fatal; Hawkin's Pleas of the Crown, vol. 1, c. 19, § § 31–6 ; Bish. C. L. 6th ed. § 1018, and notes.

Chapter 463 of the Private and Special Laws of 1885, on which the complaint is founded, is not a general statute, but special law, and within the purview of sections 1, 2 and 4, of c. 262, of the Public Laws of 1885, above cited.

The complaint, in charging the offence of using a net without the owner's name attached, in violation of section 3, c. 463,

Private and Special Laws of 1885, fails to allege the town in which the offence was committed, and its omission is fatal to the complaint. 1 Chitty, C. L. 196 ; *Com.* v. *Springfield,* 7 Mass. 10. The complaint is bad for duplicity, there being two distinct offences set forth in one count thereof, and within the rule laid down in *State* v. *Palmer,* 35 Maine, 9 ; and *Com.* v. *Atwood,* 11 Mass. 93.

VIRGIN, J. The first objection is that it does not appear, either in the body of the complaint or in the jurat,. that the complainant was conscientiously scrupulous of taking an oath.

Article 1, § 5, of the Constitution, authorizes the issuing of warrants on complaints "supported by oath or affirmation," and "when a person required to be sworn, is conscientiously scrupulous of taking an oath, he may affirm," (R. S., c. 1, § 7) "under the pains and penalties of perjury, with . the same force and effect as an oath." R. S., c. 82, § 104.

The magistrate is to determine whether the complainant has such scruples ; and on being affirmatively satisfied that he has, to permit him to affirm in the form prescribed. The magistrate's certificate that the complainant affirmed, necessarily and conclusively implies that he did entertain such scruples, and was therefore permitted to affirm. *Hall* v. *Hoxie,* 3 Met. 251, 254. And it seems an indictment is good which purports to be found by the grand jurors "upon their oath or affirmation," some of whom affirmed. *Com.* v. *Fisher,* 7 Gray, 492.

We are aware that the court in New Jersey has held otherwise ; but the same court said that "were the question now to arise for the first time, we should hesitate before we gave it our sanction, . . but feel ourselves bound to adhere to the rule established by the court on previous occasions." *State* v. *Harris,* 7 N. J. L. 361.

2. Whether the complainant makes oath or affirms to the truth of the allegations in the complaint, the jurat need not certify the mode and manner in which the magistrate administered it. When it recites that the complainant either made oath or affirmation to the allegations, the conclusive presumption is that it

was done according to law. *Lincoln* v. *Taunt. Cop. Manf. Co.* 11 Cush. 440 ; *Horne* v. *Haverhill,* 113 Mass. 344.

3. The provisions of Pub. L. of 1885, c. 262, do not apply to those of c. 463, Priv. and Spec. L. of 1885. Although the latter statute applies to particular waters, it is a public statute in its character, and prohibits all persons alike from taking bass therefrom during all seasons of the year except in the months of January and February ; and in those, all persons may take them with impunity, provided they observe the regulations and restrictions prescribed as to the nets used therefor, and provided also that they do not set their nets in the flood gates of the mill dam ; no person or association having any special benefit thereunder, and hence having no inducement to post and maintain the prescribed notices, without which no prosecution can be maintained.

The former statute is predicated of benefits or special rights secured to individuals or associations, who, therefore, have inducements to post and maintain notices thereof, to the end that they may enforce their rights against those of the public, who may violate the provisions by which such rights are protected.

4. Section 3 is levelled against the owner by way of forfeiting his nets " which do not have his name in legible characters branded or carved on a wooden buoy," etc. ; and section 5 adds a forfeiture of twenty-five dollars. But section 3 also reaches one who is not the owner, but uses such a net as is therein prohibited. Hence ownership need not be alleged, the allegation of use being sufficient.

5. The complaint is not bad for duplicity. To the forfeiture of twenty-five dollars for a violation of any of the provisions of § § 1, 2 and 3, section 5 adds "a further sum of five dollars for every bass illegally caught or killed " by way of aggravation of those offences, like a second conviction under R. S., c. 27. But as no venue is laid in the allegations setting out the killing, it may be rejected as surplusage, the complaint for using the net without the prescribed attachments being sufficient for the forfeiture of twenty-five dollars.

6. Following the language of the statute as to the forfeiture

and adopting the future tense, is not such pleading as the court would recommend as a precedent, but we do not think it is fatal.

> *Exceptions overruled.   Judgment for the state for twenty-five dollars and costs.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.