Merrimack, }
June, 1897. }

FELLOWS, *Assignee, v.* HOYT.

69   179|
170   397|

A levy of execution is not dissolved or impaired by subsequent insolvency proceedings.

When a levy of execution is made upon the real estate of an insolvent debtor, his assignee is the proper person to appoint an appraiser.

BILL IN EQUITY, brought by the assignee in insolvency of John H. Sullivan, to set aside a levy made by the defendant upon Sullivan's real estate. Facts agreed. September 10, 1895, the defendant brought his action against Sullivan and caused the premises to be attached. He recovered judgment November 18, 1895, sued out execution thereon, and November 20, 1895, placed it in the hands of the sheriff, who on the same day swore in an appraiser. December 7, 1895, Sullivan made a voluntary assignment in insolvency. April 4, 1896, the sheriff notified the plaintiff to appoint an appraiser, and upon his refusal to do so, appointed one for him and completed the levy.

*John M. Mitchell,* for the plaintiff.

*Almon F. Burbank,* for the defendant.

CARPENTER, C. J. The levy was not avoided by the assignment in insolvency. *Hurlbutt* v. *Currier,* 68 N. H. 94; *Beardsley* v. *Beecher,* 47 Conn. 408.

" The officer levying the execution shall cause three appraisers to be appointed, one by the creditor, one by the debtor, and one by himself. . . . If the debtor, on due notice, neglects to appoint an appraiser, . . . the officer shall appoint an appraiser for him." P. S., *c.* 233, *ss.* 2, 3. Although the creditor intended by the statute is in general the plaintiff in the execution, yet if it appears on the record that he is merely a nominal plaintiff, or that the judgment has been assigned to another, the appraiser is to be appointed by the real plaintiff in the one case and by the assignee in the other. *Lyford* v. *Dunn,* 32 N. H. 81. If the plaintiff is a spendthrift, insane, or an infant, the appraiser is to be appointed by his guardian. *Bond* v. *Bond,* 2 Pick. 382. An execution may in some cases be levied upon the lands of a deceased party, and in such a case the executor or administrator, though he has no interest and the heirs-at-law are alone interested in the land, must be notified to choose an appraiser. *Mead* v. *Harvey,* 2 N. H. 341; *Daniels* v. *Ellison,* 3 N. H. 279.

By the assignment in insolvency all the debtor's property not by law exempt from attachment became vested in the assignee. P. S., *c.* 201, *s.* 6.   He could, if he thought fit, satisfy the execution and prevent a levy.   He could redeem the land from the levy at any time within a year.   P. S., *c.* 233, *s.* 14.   He could defend any pending actions against the insolvent, and it might be his duty to do so if there were good reason to believe that the claims therein made were unfounded, in order to defeat attachments not dissolved by the commencement of the insolvency proceedings.   Though the insolvent " has an interest, notwithstanding his insolvency, in seeing that no larger amount of his estate is set off than is sufficient to-pay his debt " (*Hall* v. *Hoxie,* 3 Met. 251, 254), yet his interest is comparatively remote.   The assignee, as the representative of the creditors, has a greater and more immediate interest in obtaining that result.   His authority over the property is not less than that of an administrator, and the interest of the insolvent in a just appraisement is no greater than that of the heir-at-law.   Under the statute, the entire disposal and settlement of the estate is placed in the hands of the assignee.   *Bank* v. *Waite,* 57 Vt. 608, 610.   With the property itself he takes all the authority over it, and all the rights and obligations relating to its management and disposition that the debtor had before the assignment.

*Bill dismissed.*

All concurred.