# Wytheville.

## MOORE v. BRUCE AND ALS.

## DAVIS v. SAME.

### July 19th, 1888.

1. CREDITORS' BILL—*Judgments—Subjection of land.*—The lien of a judgment may always be enforced in equity, without *fi. fa.* thereon   Code 1873, ch. 182, § 9.  *Price* v. *Thrash,* 30 Gratt. 515.

2. IDEM — *Parties — Incumbrancers — Remaindermen — Harmless error.*—Lienors and persons owning the remainder are not necessary parties to such bill, as creditors can subject only their debtors' interest in the land. And the omission of a necessary party, who voluntarily appears, is harmless error.

3. CHANCERY PRACTICE—*Accounts—Vacation.*—Judge, having before him bill and exhibits making a *prima facie* case, may, in vacation, order an account.  Acts 1884, p. 57.

4. IDEM—*Accounts—Harmless errors.*—Three days' notice of the taking of an account is inadequate, but a decree will not be reversed on that ground, unless the party be injured thereby.  Nor because report is returned within ten days before commencement of the term at which it is acted on, unless it be shown to have been acted on within that period.  Nor because the master returns the debtor's property at his own valuation, when such valuation is undisputed.

5. IDEM—*Decree—Previous lease—Tenant's interest.*—Decree for sale of land to satisfy judgment, without enquiring into and protecting the interest of tenant in possession under a lease made prior to the judgment, is erroneous.

Appeal from decree of circuit court of Wythe county, rendered September term, 1886, in the chancery suit wherein G. S. Bruce (appellee here) was complainant, and R. R. Moore (appellant here) and others were defendants, in which suit, also, J. A. Davis filed his petition.  Opinion states the case.

*F. S. Blair*, for the appellants.

*D. S. Pierce*, for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that the said G. S. Bruce recovered two judgments in the said circuit court against the said R. R. Moore—one on the 17th of September, 1885, for $1,673.63, with interest and costs; the other on the —— day of March, 1886, for $636.65, with interest and costs. These judgments were put on the judgment or "lien" docket; but no execution of *fi. fa.* was ever issued on either of them. At the April rules, 1886, in the clerk's office of the said circuit court, the said Bruce, the judgment creditor, filed his bill in this cause, to which he made the said R. R. Moore, the judgment debtor, James A. Walker, trustee, Henry Simmerman, S. R. Sayers, D. P. Graham and John W. Robinson, the last two being partners in the firm of Graham & Robinson, defendants. The bill set out the complainant's judgments against Moore, aforesaid, as liens on Moore's real estate, and averred that Moore's real estate consisted of a life estate in 956½ acres of land, less 160 acres thereof which had been appropriated and belonged to his daughter, Mrs. Mc-Bee, and three other tracts, owned by said Moore *in fee*, but subject to the lien of a deed of trust of March 10th, 1884, executed by Moore to James A. Walker, trustee, which said three tracts contained, in the aggregate, 654 acres. The bill avers that many of the debts, secured in the said deed of trust, have been paid, and the lien upon the said three tracts *pro tanto* reduced; and that the securities indemnified therein have not yet been called on to pay, and that there are no liens, prior to his judgments, on the realty of Moore, except those provided for by a rental thereof under a decree of court. And he claims the right to subject to sale, for satisfaction of his aforesaid two judgments, the said life estate of Moore in the 956½ acres (less 160

acres), and also the fee in the said three tracts, subject to the lien of the said deed of trust. The bill also avers that the said three tracts have been rented out for five years by decree in the cause of *Leftwich* v. *R. R. Moore,* but that the life estate in the 956½ acres (less 160 acres) has not been rented, and that it will not in five years pay his said judgments. The defendant, J. A. Walker, is trustee in the deed of trust, and the other defendants are creditors and sureties secured therein. The bill prays accounts of the real estate of Moore, its status, the liens thereon, and a sale of all his said realty, or of so much as will be enough to pay the said liens, with costs.

On the 15th of June, 1886, in vacation, the judge of the said circuit court made an order, directing that W. H. Bolling, a commissioner, should take and state an account of what real estate the defendant, Moore, owned or held, which is subject to the liens of the complainant's liens, the character of Moore's estate therein, the amount and priorities of the liens thereon, and the annual value of the said realty.

On the 28th of August, 1886, Commissioner Bolling returned his report, dated August 9th, 1886, together with a written pro test of Moore. He reported the aggregate liens at $11,612.36, and the annual value of all the lands at $450, and the Bruce judgments as first liens. The defendant, Moore, filed his de murrer and answer to the bill, at the September term, 1886, and he also filed part of the record in the cause of *Leftwich* v. *Moore,* and seven exceptions to Commissioner Bolling's report. John A. Davis filed his petition, dated August 30th, 1886, asserting his written lease, and possession thereunder, of the lands of Moore sought to be subjected, and claiming protection of his rights as tenant in possession thereof.

At the September term, 1886, the cause came on to be heard on the bill and exhibits, the vacation order of reference, Commissioner Bolling's report and the exceptions thereto, the demurrer and answer of defendant, Moore, the petition and exhibit of J. A. Davis, and the demurrer and replication thereto, and it

appearing to the court that the only unincumbered land belonging to the defendant, Moore, subject to the judgment liens of the complainant, Bruce, is the life estate of said Moore in the 956½ acres (less 160 acres belonging to Mrs. McBee), and that the rents of that life estate will not pay complainant's debt in five years, it was ordered and decreed that the said life estate (less McBee's part) be sold; but that the growing crops thereon be not sold, nor disturbed, but reserved. The court reserves, for further action, any proceeding to enforce the lien of the deed of trust. From this decree appeals were taken by Moore and by Davis.

The first error assigned is because no execution of *fi. fa.* ever issued on Bruce's judgments. This objection is not tenable. A judgment creditor may file a bill to subject real estate of his debtor to the satisfaction of his judgment lien without alleging or proving want of personal assets, or without issuing a *fi. fa.;* and in this case there is not only no evidence that there was any personalty on which a *fi. fa.* could have been levied, but the copy of the deed of trust filed with the bill shows that the appellant, Moore, had deeded away all his personal property in the deed of trust, along with his fee simple lands. The judgments which are sought to be enforced as liens upon the realty in this suit, were rendered—one, on September 17th, 1885, and the other at the March term, 1886; and this suit to enforce the lien of the said judgments on the realty was begun by issue of *subpœna* on the 1st of April, 1886, within the year during which the judgments were liens in full vitality, under section 6 of chapter 182, Code of 1873, which could be enforced in equity, section 9 of chapter 182, Code of 1873. The demurrer was properly overruled.

The court did not err in refusing or omitting to make the remaindermen parties defendant. Their rights and interests were in no way assailed or involved. The purchaser of the life estate of Moore in the 956½ acres would stand in the shoes of Moore, the life tenant, subject to all his liabilities for waste, &c.

The court did not err in not requiring Mrs. Simmerman to be made a party defendant. The purchaser of the life estate would take only the estate of Moore, and, with it, any liability it was under, in his hands, to the charge in favor of Mrs. Simmerman. The court did not err in refusing to require that Leftwich and his sureties, Simmerman, Graham, Robinson and Sayers, be made defendants. There is nothing to show that the life estate of Moore in the 956½ acre tract (which, alone, was sought to be sold or subjected in this suit) had been rented under any decree in the cause of *Leftwich* v. *Moore.* The answer of Moore, itself, does not say that it was; while, on the other hand, the additional parts of the record in the Leftwich suit, filed by the appellee, shows, affirmatively, the contrary. The claim that Joseph Ewald, surviving partner of Fox & Ewald, should have been made a party to the suit, is fully met by the fact that he appeared and proved his lien before Commissioner Bolling, who duly reported it.

The judge in vacation had, under the statute, Acts 1883–'84, p. 150, and Acts 1884–'85, p. 57, authority to order the account by the commissioner. There is no complaint of want of notice, nor any averment that any objection was made to the order of reference; and the judge had the bill and exhibits before him, which made out a *prima facie* case for inquiry. It was not error to order it. The notice, of three days only, given by Commissioner Bolling, was too short; and had the defendant, Moore, by his exceptions to the report, shown, or claimed, that the shortness of the notice had prevented him from contesting any debt reported, or from giving his own deposition, or from averting any wrong or injustice done him by the shortness of the notice, this exception would, doubtless, have been sustained; but as he did not, and there is no evidence or appearance of injury caused to Moore by inadequacy of notice, this is not ground for reversal by this court.

It was error in the commissioner, as stated in the third exception to his report, to report $450 as having been Moore's estimate

of the annual value of the realty. But as that was the annual value put on it by a witness, Wohlford, who deposed and who is unimpeached, and no attempt has been made to rebut his testimony or to vary his estimate, this error furnishes no ground for reversal. The exceptions to the report were properly overruled by the court, and the court did not err in confirming the report of Commissioner Bolling.

The report was returned the 28th day of August, 1886; the term of the court began September 6th, 1886, the ninth day after; but, *non constat* that the report was argued or considered until after the lapse of *ten* days from the return; and the objection is not well taken unless it had shown that the report was taken up and acted on by the court before the end of the *ten* days.

It is assigned as error that J. A. Davis was not made a defendant.

The answer of the defendant, Moore, and the exhibit "A," filed therewith, and the petition filed by Davis, both sworn papers in the cause, brought to the attention of the court Davis' claim and rights, as tenant in possession of the lands, under a written contract with the defendant, Moore, of date prior to the complainant Bruce's judgments; and that by reason of his said written contract with Moore he had expended labor and money on the premises, and had assumed liabilities and obligations with other parties; and the decree shows that the cause was heard finally on the petition of Davis and was decided adversely to him, except, perhaps, so far as the reservation of the *growing crops* from the sale, for whose benefit the decree does not say. The court, so far as appears, ignored Davis and his interests, and it made no inquiry by a commissioner into the facts set forth in the two sworn papers—the answer and exhibit of Moore and the petition of Davis. There was a contract of renting, in writing, from Moore to Davis of a date prior to Bruce's judgments. It is indefinite as to the duration of the term and optional as to quantity, and it was a proper subject for inquiry, at least upon

these points, and as to the expenditures and obligations incurred by Davis under his said lease and in reliance on it. The circuit court did err in decreeing a sale before and without ascertaining the extent of the rights of Davis as tenant in possession of the lands ordered to be sold, and not providing for his protection. The whole proceeding, is marked by unusual celerity, not to say precipitancy, and Davis has, in fact, had no reasonable or sufficient opportunity to defend his rights as tenant of the land ordered to be sold. Except this, there is no error in the decree complained of; but so far as it orders a sale, without enquiry as to Davis' rights as tenant of the land to be sold, it is erroneous and must be reversed; otherwise it is affirmed, without costs as between Moore and Bruce, but with costs to Davis. And the cause is remanded for enquiry as to the tenant-rights of appellant, Davis.

DECREE REVERSED IN PART AND AFFIRMED IN PART.