(58 Misc. Rep. 367.)

### GARVEY v. FALK.

(City Court of New York, Special Term. March, 1908.)

NEW TRIAL—GROUNDS—INTRUSION OF THIRD PARTY.

Where plaintiff intended to sue Abraham, but the process ran against Adam, a brother of defendant was not justified in serving an answer describing himself as sued as Adam and pretending to defend on the merits, and, where plaintiff's attorney accepted the answer sued by such brother, the verdict rendered should be set aside.

Action by Frank W. Garvey, by Frank J. Garvey, his guardian ad litem, against Michael Falk, sued as Adam Falk. Verdict for plaintiff. Motion to set aside granted.

Henry J. Goldsmith, for plaintiff.
Samuel F. Hyman, for defendant.

McAVOY, J. The verdict rendered here is coram non judice as to Abraham Falk, and cannot be permitted to stand. The permission to amend granted upon the finding of the jury was without legal warrant and does not cure the defect of jurisdiction. Obviously Abraham Falk was not a litigant of the issues here, and he cannot therefore be concluded by the determination had. The situation presented, while unusual, is not novel, and a careful examination of its features leads only to the conclusion reached. Plaintiff sued a person designated in the complaint as Adam Falk, and claims and shows in proof service of the summons and complaint upon one Adam Falk. Evidence appears also in the case that Adam Falk's real name is Abraham Falk, and that he is a brother of the person appearing here and answering as Michael Falk. The said Michael Falk appeared and answered in this action, and the papers served by his attorney in the case contain the designation Michael Falk, sued as Adam Falk. Plaintiff intended to sue and serve process upon Abraham Falk, whom he sued as Adam Falk, and claims that Abraham Falk has been properly served therewith. Michael Falk claims that process was served upon him, and it is apparent that Mr. Hyman appeared throughout the proceeding and trial as the attorney for Michael Falk, and not for Abraham Falk.

There was no obligation upon the part of the attorney for plaintiff to accept the answer served, and he might have returned same as tendered by a person not interested in the result of the action, and not served with process therein. He was a stranger to the issue, and no practice permits an intruder to inject himself into an action and pretend to defend the merits thereof, although not a proper or necessary party. See Smith v. Jackson (City Ct. N. Y.) 1 N. Y. Supp. 14. Plaintiff cannot be forced to accept a defendant whom he does not sue, nor can the real defendant be prejudiced in any manner by a plea of a stranger. It was the duty of the plaintiff upon receipt of the answer here to have returned same to the attorney for Michael Falk upon the ground that it did not tender an issue from any person in the record or he should have moved to set aside the service of the answer by Michael Falk or his attorney as irregular. Steinhaus v. Enterprise Vending Mach. Co., 39 Misc. Rep. 797, 81 N. Y. Supp. 282. Even if Abraham Falk, the person intended to be sued, was actually served with process, an answer by Michael Falk gave the court no jurisdiction to proceed. Smith v. Jackson, 20 Abb. N. C. 422. Plaintiff has the right, if process was personally served upon Abraham Falk, to enter judgment against him as by default upon inquisition, for he has not appeared in the action and has failed to answer. The damages here being unliquidated, the clerk could not enter judgment without their preliminary assessment under order of this court. If Abraham Falk has not been served with process in the action, plaintiff must begin de novo as against him if he intends to hold him liable in damages for this cause of action. Motion to set aside verdict will therefore be granted.

Motion granted.