Fourth Department, May, 1912.      [Vol. 151.

In the Matter of the Estate of GEORGE HELDMANN, Deceased.

FRANCISKA HOURT, as Administratrix, etc., of GEORGE HELDMANN, Deceased, Appellant; APPOLONIA WEIGART, Respondent.

Fourth Department, May 8, 1912.

**Decedent's estate — decree of Surrogate's Court determining the owner- ship of fund — appeal by administratrix.**

A creditor appointed administratrix of an intestate is not a "party aggrieved" by a decree of the Surrogate's Court directing the residue of the estate to be paid to the next of kin instead of to an illegitimate son of the intestate who claimed the whole residue by virtue of an alleged gift and, hence, cannot appeal from said decree.

Nor has such administratrix a right of appeal on the theory that she is trustee for the son under the alleged gift, for, even if the gift were estab- lished, the trustee would have no direct personal interest in the dispo- sition of the fund, that being a matter of concern to the *cestui que trust* only.

In any event the administratrix cannot appeal from said decree in a representative capacity only.

APPEAL by Franciska Hourt, as administratrix, etc., from an amended decree of the Surrogate's Court of the county of Erie, entered in said Surrogate's Court on the 1st day of August, 1910, and from an amended decree entered in said court on the 10th day of August, 1910, judicially settling her accounts as administratrix and directing distribution and pay- ment by her of the funds of said estate remaining in her hands as such administratrix.

The various proceedings by which all parties having an apparent interest in the estate of the deceased were brought into court as parties to the proceedings, which resulted in the amended decree from which this appeal is taken, finally developed by consent of all the parties into the usual proceed- ing for the final judicial settlement of an administrator's account, in which certain issues of fact were presented to the court for determination, which were, by consent, duly referred to a referee, " to inquire into and examine said account and answer thereto, to hear and determine all questions arising upon the settlement of said account and answer thereto which the Surrogate has power to determine, and to make report

thereon, subject, however, to confirmation and modification by the Surrogate." All parties interested in the estate of the decedent appeared and were represented by their several attorneys, both on the hearings before the referee and on the application to the Surrogate's Court for confirmation of the referee's report. The report was confirmed and distribution of the estate directed by the amended decree made thereon. All of the parties are of full age. The administratrix alone filed exceptions to the referee's report, and is the only party who has appealed from the decree.

*John F. Mueller*, for the appellant.

*George H. Wade* [*Harry Forrester* with him on the brief], for the respondent.

ROBSON, J.:

Decedent's only property was a deposit to his credit in the Buffalo Savings Bank. The principal issue litigated in the proceedings was whether he had made a valid gift, either *causa mortis* or *inter vivos*, of this deposit for the benefit of one George Trcppman, an illegitimate son of decedent, after the payment therefrom of "all expenses." This issue was found adversely to the claim that there was any such gift.

The appellant, Franciska Hourt, on her petition as a creditor of the decedent, had been appointed the administratrix of his estate, and her accounting shows that all debts and expenses have been paid by her, and she has received credit therefor. If there had been a valid gift as claimed, then George Troppman would have been entitled to the residue of the fund, and payment thereof to him would necessarily have been directed by the decree. It having been found that there was no valid gift, the decree properly directed payment of the residue of the estate to the party to the proceedings who was shown to be the sole next of kin of the decedent. Which one of these two parties was entitled to this fund was the litigated question determined by the decree, and the rights of no other party were concerned in or affected by its determination. Neither of these parties has appealed from the decree. By section 2568 of the Code of Civil Procedure the right to appeal from a decree of the Surro-

gate's Court is given only to a "party aggrieved" thereby. As administratrix appellant was in no way injured, or her rights jeopardized, by the direction of the decree to pay the residue of the estate to the next of kin instead of the person claiming as the donee of the gift. She was, therefore, not a party "aggrieved." (*Matter of Hodgman*, 140 N. Y. 421; *Matter of Richmond*, 63 App. Div. 488; *Isham* v. *New York Assn. for Poor*, 177 N. Y. 218; *Matter of Coe*, 55 App. Div. 270.)

Counsel for appellant claims, however, that the appellant's interests as trustee for the ultimate beneficiary under the alleged gift are affected by the decree; and that, therefore, she is, as trustee, a person aggrieved by the decree. But, even if the gift had been established as claimed, appellant as trustee would have had no direct personal interest in the ultimate disposition of the residue of the fund. That was a matter of personal concern only to the illegitimate son, the *cestui que trust*. As has already been pointed out, had a valid gift been established the decree would properly have directed payment to the ultimate beneficiary of the gift of the balance of the fund then remaining, it appearing that the purpose of the trust had been accomplished. The real beneficiary does not complain of the disposition of the fund directed by the decree. Under these circumstances appellant as a trustee is not a party aggrieved by the decree. (*Bryant* v. *Thompson*, 128 N. Y. 426; *Isham* v. *New York Assn. for Poor, supra.*) Another sufficient answer to this suggestion of appellant is that she appeals in no other capacity than as administratrix. Such an appeal would not properly bring up for review even a question involving the determination of a right in the estate personal to her which was not dependent upon her relation to the estate as administratrix. (*Matter of Mayer*, 84 Hun, 539.)

The appeal should be dismissed.

All concurred.

Appeal dismissed, without costs to either party.