(153 App. Div. 583.)

### In re HELDMAN'S ESTATE.

### TROPPMAN v. WEIGART.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1912.)

**1. APPEARANCE (§ 12\*)—EFFECT.**

Where an attorney filed a general appearance for a party entitled to intervene in a proceeding for the administration of a decedent's estate, and there was no objection by any party, such appearance makes the client a party to the proceeding.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 55–64, 66; Dec. Dig. § 12.\*]

**2. APPEAL AND ERROR (§ 794\*)—RIGHT OF DISMISSAL.**

The right to the dismissal of an appeal being a strictly legal one, the moving party must be held to strict practice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3142–3166; Dec. Dig. § 794.\*]

**3. APPEAL AND ERROR (§ 348\*)—DISMISSAL—RIGHT OF APPEAL.**

Code Civ. Proc. § 2572, provides that an appeal from a decree of the Surrogate's Court must be taken within 30 days after service upon the appellant, or the attorney who appeared for him, of a copy of the decree or order from which the appeal is taken and written notice of the entry thereof. One attorney appeared both for the administratrix and a claimant of the estate in administration. Upon a decree of distribution in favor of the next of kin, there was served on such attorney a notice of entry of the decree, although he was described as attorney for the administratrix. *Held*, that the service was good as to the claimant, and limited his right to appeal to the 30 days fixed by statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1900–1904; Dec. Dig. § 348.\*]

Appeal from Surrogate's Court, Erie County.

In the matter of the estate of George Heldman, deceased. From an order judicially settling the accounts of Franciska Hourt, as administratrix, George Troppman appeals. On motion of Appolonia Weigart to dismiss the appeal. Appeal dismissed.

See, also, 151 App. Div. 234, 135 N. Y. Supp. 143.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

George H. Wade, of Buffalo (Harry Forrester, of Buffalo, on the brief), for the motion.

John F. Mueller, of Buffalo, opposed.

ROBSON, J. The amended decree of the Surrogate's Court, of which appellant, George Troppman, seeks a review on this appeal, among other things judicially settled the accounts of Franciska Hourt as the administratrix of the estate of George Heldman, deceased, adjudged that deceased left an estate of inheritance, that Appolonia Weigart was "the only heir at law" of deceased, and directed the administratrix to pay forthwith the balance of the estate, the amount of which was fixed and determined thereby, to the attorney in fact of the said Appolonia Weigart. As stated in the opinion of this court

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

delivered when the appeal of the administratrix from this decree was. disposed of:

"Decedent's only property was a deposit to his credit in the Buffalo Savings Bank. The principal issue litigated in the proceedings was whether he had made a valid gift either causa mortis or inter vivos of this deposit for the benefit of one George Troppman, an illegitimate son of decedent, after the payment therefrom of all expenses. This issue was found adversely to the claim that there was any such gift."

The appeal was ·dismissed, for the reason that appellant, as administratrix, was not a "party aggrieved" by the decree. In the Matter of Heidman, Dec'd, 151 App. Div. 234, 135 N. Y. Supp. 143. Troppman was not in the first instance made a party to these proceedings. by service of a citation on him, nor did he by order obtain leave to intervene therein. After the issues had been referred by order of the Surrogate's Court to a referee to hear and determine all questions arising upon the settlement, at the beginning of the hearing before the referee, Mr. Mueller, the attorney for the administratrix appeared as attorney for Troppman, and this entry appears in the minutes of the referee:

"John F. Mueller, as attorney for the administratrix, Franciska Hourt, also appears for George Troppman, of Schneitenbach, Germany."

[1] The report of the referee also recites that Troppman appeared by this attorney. Such an appearance by attorney in open court without objection by any other ·party was effectual to make him a party to the proceedings.

[2, 3] The motion to dismiss this appeal is made on the ground that it was not taken within the time prescribed by law. It is conceded that a copy of the amended decree was in fact served upon Mueller, the attorney for the administratrix and Troppman, in August, 1910, with a notice of entry thereof. This notice was as follows:

"Notice of Entry.

"Take notice that an order of which the within is a copy was duly entered in the office of the clerk of the Surrogate's Court of the county of Erie, N. Y., on the 15th. day of August, 1910.

"Dated at Buffalo, N. Y., August 16th, 1910.

"To John F. Mueller, Attorney for Franciska Hourt.

"Harry Forrester, Attorney for Appolonia Weigart.

"Office and post office address: 845 Ellicott Sq., Buffalo, N. Y."

The administratrix then appealed to this court, with the result above stated. After the decision of that appeal, Troppman, by his attorney, sought to serve upon the attorney for the next of kin a notice of appeal on his behalf from the same decree, together with notice of exceptions and undertaking. Nearly two years had then elapsed from the time Troppman's attorney had been served with the copy of the decree and the notice of entry thereof in the form above set out. The attorney for the next of kin refused to accept service of the papers, and at once returned them, with the statement, in effect, that the time within which such appeal could be brought had long since expired.

It is not contended by appellant's attorney that there is any irreg-

ularity or defect either in the form or the sufficiency of the notice itself, and it complies with the requirement of rule 2 of the General Rules of Practice as to the subscription thereof by the attorney, with the addition of his office address. His sole contention in this regard is that, because at the end of the notice appeared the words, "To John F. Mueller, Attorney for Franciska Hourt," the effect of the service was limited to giving notice to him as attorney for the administratrix, and did not extend so far as to give notice to him as the attorney for Troppman. I do not think the position is tenable. Neither the attorney, nor his client, Troppman, was by this form of address of the notice in any way misled as to the effect of the decree upon the client's rights. Section 2572 of the Code of Civil Procedure fixes the time within which an appeal from a decree of the Surrogate's Court may be taken, which is, if by a party:

"Within thirty days after service upon the appellant or upon the attorney, if any, who appeared for him in the Surrogate's Court, of a copy of the decree or order from which the appeal is taken, and a written notice of the entry thereof."

Neither this section, nor general rule 2, in terms requires the notice to be formally addressed to the person upon whom service is to be made. I fully recognize the general principle that a party, moving to dismiss an appeal on the ground that the time to appeal had expired before service of the notice of appeal, stands upon a strict legal right, and must be held to strict practice. Kelly v. Sheehan, 76 N. Y. 325; Good v. Daland, 119 N. Y. 153, 23 N. E. 474; Kilmer v. Hathorn, 78 N. Y. 228; Fortsmann v. Shulting, 107 N. Y. 644, 14 N. E. 190; Matter of N. Y. C. & H. R. R. Co., 60 N. Y. 112. But I think strict practice was in effect followed in this case.

In the case of Falker v. New York, West Shore & Buffalo Rwy. Co., 100 N. Y. 86, 2 N. E. 628, a motion to dismiss the appeal was opposed on the ground that the notice of entry of the judgment appealed from was not subscribed with the office address nor directed to appellant's attorneys. The court says:

"There is no rule covering such a case. The notice was served at the proper office and delivered to the proper person, and was retained, and as no one could have been prejudiced by the omission to insert in the address the names of all the partners in the firm of attorneys, we think the service should be held sufficient. Although strict practice must be pursued to limit the time to appeal, and even a technical irregularity in giving the required notice will be considered, still there must be some irregularity; and a mere inaccuracy in the notice, which violates no rule of practice and is in itself immaterial, will not be sufficient to avoid it."

So in the case at bar no one was, or could be, prejudiced by the omission to add the words indicating that Mueller had also appeared as attorney for Troppman. Mueller had in fact appeared for him, else he was not a party to the proceedings. That he had appeared as attorney for Troppman, as well as for the administratrix, could not have escaped his recollection. As an attorney he had in person been served with a copy of the decree and notice of entry thereof. This service notified him as attorney that the decree had been entered, and, as a necessary incident, acquainted him with the purpose of the

service. What he was advised of and knew as attorney for the administratrix he necessarily was advised of and knew as attorney for Troppman. Neither the statute, nor the rules of court, required the service of a notice of entry of the decree upon this attorney, addressed to him in specific terms recognizing and indicating the fact that he was thus served as attorney for both clients for whom he had appeared.

Among other cases where unimportant defects and omissions have been held insufficient to avoid the resultant effect of due service are Guarantee Trust & Safe Deposit Co. v. Philadelphia, Reading & New England R. R. Co., 160 N. Y. 1, 54 N. E. 575; Evans v. Backer, 101 N. Y. 289, 4 N. E. 516; People ex rel. Wallkill Valley R. R. Co. v. Keator, 101 N. Y. 610, 3 N. E. 903; Baker v. Hatfield, 29 Hun, 670. In the opinion of the court given in the Guarantee Trust & Safe Dep. Co. Case, above cited, this statement appears:

"While it has sometimes been held that strict compliance with section 1325 and similar statutes is required to limit the time of a party to appeal, still we think that the statute should not be so rigidly construed as to nullify its object or to make it difficult of application. The evident purpose of that section was to enable parties to avoid undue delays and to promptly secure the final determination of their cases."

I think the service of copy decree with the notice of entry thereof as made was sufficient for the purpose of limiting the time within which Troppman, as well as the administratrix, could appeal to 30 days after such service. To hold otherwise would, as it seems to me, be by an arbitrary construction to nullify the Code provisions referred to. This appeal not having been taken till long after the 30 days had expired, the motion to dismiss the appeal should be granted, with $10 costs and disbursements. All concurred.