BELLER, APPELLANT, *v.* LE BOEUF ET AL., RESPONDENTS.

(No. 3,450.)

(Submitted January 6, 1915. Decided January 20, 1915.)

[145 Pac. 945.]

*Default Judgments—Setting Aside—Grounds—Presumptions—Conflicting Affidavits — Effect — Record on Appeal — Sufficiency.*

Appeal and Error—Default Judgment—Record.

    1. On appeal from an order vacating a default judgment, the judgment-roll is no part of the record; the papers used on the hearing resulting in such order, constitute the record and must be authenticated by their incorporation in a bill of exceptions duly settled by the presiding judge.

Same—Record—Sufficiency.

    2. On appeal from an order vacating a default judgment, a transcript certified by the clerk as a true copy of plaintiff's bill of exceptions, purporting to be a narrative of the proceedings had and done in respect to the motion to vacate and to contain all the papers relative thereto, and settled and certified by the judge as a true and correct

record of the proceedings, sufficiently complied with section 7113, Rev. Codes, relative to what the record on appeal in such cases shall contain.

Default Judgment—Vacation—Grounds—Presumptions.

3. Where, on a motion to vacate a default judgment, there was no showing whatever of excusable neglect or of the existence of any meritorious defense, it must be assumed that the order vacating the judgment was not made on discretionary grounds.

Same—Conflicting Affidavits—Conclusive, When.

4. Where the only ground upon which an order setting aside a default could be justified was that the judgment was premature and therefore void, and the affidavits of opposing counsel as to when service of the complaint was made were conflicting, the ruling of the trial court was conclusive.

*Appeal from District Court, Sanders County; R. Lee McCulloch, Judge.*

ACTION by Alfred Beller against Gilbert Le Boeuf and others, partners under the firm name and style of Moser & Campbell. From an order setting aside a default judgment, plaintiff appeals. Affirmed.

*Messrs. I. R. Blaisdell* and *H. J. Burleigh,* for Appellant, submitted a brief.

*Mr. Gerard Young* and *Mr. H. C. Schultz,* for Respondents. submitted a brief; *Mr. Young* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

In this action a demurrer to the complaint on behalf of defendants Moser and Campbell was sustained. Thereafter an amended complaint was filed by plaintiff and a copy thereof served on counsel for said defendants. The date of the filing is September 13, 1913. The date of the service is disputed. On October 4, 1913, the plaintiff filed his *praecipe* for the default of said defendants for their failure to answer or demur, which default was noted in due form, and on the same day judgment by the clerk was entered conformably to the plaintiff's prayer. Thereafter a motion on behalf of said defendants was made to open the default and vacate the judgment, which motion

was accompanied by affidavits intended to be in support thereof. The motion was granted. Hence this appeal.

The respondents (defendants below) challenge the right of [1] appellant to be now heard, upon the ground that: "The transcript herein fails to show either the judgment-roll or an authentication and identification of the papers used on the hearing of the motion, * * * either in the body of the bill of exceptions or in the certificate of the presiding judge, and the certificate of the clerk fails to certify to all the papers in the transcript." There is nothing in this. The case is before us on appeal, not from the judgment, but from an order made after judgment. The judgment-roll is therefore no part of the record (*Emerson* v. *McNair,* 28 Mont. 578, 73 Pac. 121); but the papers used on the hearing which resulted in the order appealed from, constitute the record, and these must be authenticated by their incorporation in a bill of exceptions duly settled by the presiding judge. (*Latimer* v. *Nelson,* 47 Mont. 545, 133 Pac. 680.) Now, the transcript before us is certified by the clerk as [2] a full, true, and correct copy of plaintiff's bill of exceptions. This bill of exceptions purports to be a narrative of "the proceedings had and done" in respect to the motion in question and to contain all the papers relative thereto; and it is settled and certified, by the judge who made the order, as "in all respects a true and correct record of the proceedings had and done in the above-entitled action." While this cannot be acclaimed as a model of precision, it would be refinement of technicality for us to say that we do not have a copy of the papers used on the hearing in the court below. (Rev. Codes, sec. 7113.)

Accepting the record, then, we find but two suggested grounds on which the district court could possibly have acted, *viz.:* (a) As a matter of discretion, upon a showing of excusable neglect upon the part of respondents, coupled with the existence of a meritorious defense; and (b) as a matter of law, on the theory that the judgment was void because the amended complaint was [3] fatally defective, or because the default was prematurely entered. There was no showing whatever of excusable neglect

or of the existence of any meritorious defense. It must therefore be assumed that the order was not made on discretionary grounds. Nor is there any substance in the contention that the amended complaint is essentially defective. It not only states one but seventeen causes of action. If, therefore, the ruling can be upheld, it must be upon the legal ground that the default and judgment were void as premature. (*State ex rel. Hickey* v. *District Court,* 42 Mont. 496, Ann. Cas. 1912B, 246, 113 Pac. 472.) Whether the default and judgment were premature depends upon when the amended complaint was served, and when [4] that occurred is a matter of evidence, as presented by the affidavits of Mr. Blaisdell for appellant and Mr. Schultz for respondents. Mr. Blaisdell avers that on September 12, 1913, he deposited a copy of the amended complaint in the United States postoffice at Plains, postpaid, and addressed to counsel for respondents, who lived at Thompson, which is twenty-five miles away. Assuming this to be correct, and allowing one day for the distance between points (Rev. Codes, secs. 7147, 7148), the respondents' time for answer expired on October 3. But Mr. Blaisdell's affidavit was not made until October 4, the day default was entered, and twenty-one days after the alleged deposit. In the absence of circumstances showing the contrary, it is inferable at least that his statement was to some extent a matter of recollection, and therefore not necessarily exact. From the affidavit of Mr. Schultz, on the other hand, certain inferences are permissible, *viz.,* that there was in September, 1913, a regular and due course of mail between Plains and Thompson through and by means of at least two trains per day; that the amended complaint came to him in the course of such mail addressed to "H. G. Schultz and Gerard Young, attorneys, Thompson Falls, Mont."; that the same was delivered to him on the evening of September 14, 1913; that a letter mailed at Plains before the departure of either mail-carrying train would in the due course of mail arrive at Thompson on the same day; and that said amended complaint was not mailed from Plains until September 14 or until September 13 after all mail-carrying trains

had departed. If this be accepted, the respondents' time for answer did not expire until October 4, and the default was premature. It is not for us to say which of these affiants was correct; but it was the function of the presiding judge to choose between their respective representations, and, as it was possible for him to choose the one which would enable the respondents to defend the action, we are not disposed to overrule him.

The order appealed from is therefore affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.