[No. 1881, November 21, 1917.]
## BACA et al. v. CATRON.

### SYLLABUS BY THE COURT.

1. A formal party, or a person who makes himself a party by his own conduct during the litigation, is not entitled to intervene under section 4382, Code 1915, for the purpose of subsequently litigating rights which he failed to assert in the main proceeding.          P. 245

Baca v. Catron, 24 N. M. 242.

2.   The owner of a segregated tract, in possession, cannot be proceeded against as an unknown owner, and is not made a party by service of process by publication against unknown owners in a partition suit.                     P. 246

3.   A person not named in the complaint nor served, with summons, if he has an interest in the matter in litigation, makes himself a party to the cause by acts and conduct on his part amounting to a general appearance.        P. 247

4.   The record on appeal must show all of the record of the trial court necessary for a consideration of the questions presented for review, and this duty devolves upon the appellant or plaintiff in error.                   P. 248

5.   The trial court will take judicial notice of the record of a case on trial before it in determining whether a person claiming the right to intervene under the statute is a party to the main cause or not, and the court will perform this duty without any request from the parties.                P. 249

On Motion for Rehearing.

6.   Where it appears from the complaint in a partition suit and the proceedings thereunder that the parties were tenants in common when instituting the suit. it is immaterial that the complaint shows that at some time prior to the suit the property was owned in severalty.                   P. 251

Appeal from District Court, Sandoval County; Mechem, Judge.

Suit for partition by Trinidad Baca and others against the Unknown Heirs of Jacinto Palaez and others, in which C. C. Catron, by leave of court, filed a petition of intervention and answer. From an order striking the petition in intervention and answer, intervener appeals. Affirmed.

REED HOLLOMAN and C. C. CATRON, both of Santa Fe, for appellant.

A. B. McMILLEN, of Albuquerque, for appellee.

OPINION OF THE COURT.

PARKER, J.    The appellant, with leave of the court, filed a petition of intervention and answer in the case of Baca v. Unknown Heirs of Jacinto Palaez et al., the same being a suit to partition the La Majada grant. Prior to the filing of said petition of intervention and answer by appellant this court had dismissed the appeal of certain appellees in the partition suit.    20 N. M. 1, 145 Pac. 945.    The petition of intervention set up facts tending to show that the appellant was the owner in fee of a segregated tract of land within the grant, and that' he and his predecessors in title had been in possession thereof for more than 50 years.    Certain plaintiffs and defendants represented by A. B. McMillen, Esq., filed in said cause what has been consistently called a motion to dismiss the petition of intervention.    This so-called motion was based upon the ground that the report of the referee and the decree approving the same, filed in the partition suit, concluded the appellant upon all questions raised by him in his petition of intervention. Subsequent to the filing of the motion an affidavit supporting the motion was filed.    It stated facts tending to show that the appellant was a party defendant in the partition suit, litigated his rights in the premises, and had full opportunity to prove whatever right he possessed in any of the lands in said grant.    After argument of counsel the trial court struck the petition of intervention and answer of appellant from the files, and it is from that action that this appeal has been perfected.

To avoid confusion and possible misunderstanding we shall state the substance of the contentions of the parties to this appeal.    The appellant contends that:    (1) The defense of res adjudicata cannot be raised by motion to strike, but must be pleaded in bar, where the facts and the nature of the prior adjudication do not appear upon the face of the pleadings; (2) that the motion contains no grounds authorized by statute for the filing of a motion to strike; (3) that the plea of res ad-

judicata cannot be founded upon an interlocutory judgment; (4) that section 4382, Code 1915, authorized the filing of the petition of intervention and answer; (5) that appellant claims title to segregated lands within the grant, and, not having been served with process nor brought into court by virtue of the service by publication upon unknown owners or heirs, appellant having been in actual possession of said land, he was authorized to intervene and have determined his right to such segregated land; (6) that the ruling of the trial court deprived him of certain rights of property guaranteed under the Constitution of the United States and under the Constitution of the state; and (7) that, after leave had been granted to file the petition, an attack thereon could have been made only by demurrer. The appellant also contends that the motion to strike raised a question upon which he was entitled to a jury trial.

The brief of appellees is devoted to the following propositions: (1) That the action of the trial court will be presumed to be correct, unless the contrary is clearly shown by record; (2) that the matters stated in the motion and affidavit must be considered to be true in the absence of anything in the record disputing same; (3) that no proper exceptions were taken by appellant to the report of the referee; (4) that appellant's failure to assert title to his segregated lands in the partition suit precludes him from setting it up now; (5) that the procedure adopted by appellees to determine the appellant's right to litigate the issue presented by the petition was correct; (6) that the trial court will take judicial notice of its record and the proceedings in a case before it; and (7) that appellees did not plead nor attempt to raise the defense of res adjudicata. Other portions of said brief disclose that the trial court concluded that a party to a cause had no right to intervene therein and set up rights which he could have asserted in the first instance but did not assert.

[1] Section 4382, Code 1915, provides:

"During the pendency of such suit or proceeding any person claiming to be interested in the premises may appear and answer the complaint and assert his right by way of intervention, whether such interest be derived or claimed under the common source of title or otherwise, and the court shall decide upon their rights as though they had been made parties in the first instance."

The statute itself is sufficient authority for the statement that the right of intervention is given to one claiming to be interested in the premises who is not a party to the main suit and was not intended to operate in favor of a party thereto. The statute was referred to in Baca et al. v. Anaya et al., 14 N. M. 382, 387, 94 Pac. 1017, and Montoya v. Unknown Heirs et al., 16 N. M. 349, 386, 120 Pac. 676. In the Baca-Anaya case the court said:

"This language is plain, and prima facie needs no construction."

A person made a party defendant to a partition suit is afforded ample opportunity to defend and assert his right by way of answer, and there is no occasion for such a party to plead by way of intervention. In other words, the statute applies to those claiming an interest in the premises who are not parties to the cause, but who may take advantage of the statute and become parties and entitled to litigate their rights by filing a petition of intervention.

[2] The inquiry, therefore, is, Was appellant a formal party to the partition suit? The record on this appeal discloses that he was not. The formal parties were the unknown heirs of certain designated persons, unknown owners, and unknown claimants of interest adverse to plaintiffs. The appellant, the owner of a segregated tract of land within the grant and in possession thereof, was not affected by such suit if not a party thereto, and cannot be held to have been made a party under the designation of unknown owners and claimants. Rodriguez et al. v. La Cueva Ranch Co., 17 N.

M. 246, 134 Pac. 228. From a consideration of the question thus far it is apparent that appellant, not being, or having become, a formal party to the partition suit, was entitled to intervene and litigate his rights in the premises, unless he otherwise became a party.

[3] If a person, not made a formal party to a cause, enters upon the trial of the issues made by the formal parties thereto and litigates his rights therein and is decreed relief, in whole or in part, he cannot be heard to assert that he may further litigate his rights by way of petition of intervention, providing the court had jurisdiction of the subject-matter in the first instance. In such cases the voluntary act of the party in contesting with others the issues in the case and asserting his rights and receiving benefits under the decree operates as effectually against him as though he were made a formal party in the first instance and assisted in making up the issues by a formal answer to the complaint. In 2 Enc. P. & P. 643, it is said:

"A person who is not named in the complaint nor served with summons, if he has an interest in the matter in litigation, makes himself a party by a general appearance."

In Thompson v. Schuyler et al., Gilman (Ill.) 271, an action in ejectment against Brewer, it was held that Thompson became a party to the cause by appearing and defending the same at every step until final judgment was rendered. In Denver & Rio Grande R. Co. v. Loveland, 16 Colo. App. 146, 64 Pac. 381, it was held that the trial court erred in substituting the Denver & Rio Grande Railroad Company as defendant in lieu of the named defendant, the Denver & Rio Grande Railway Co., but that the error was waived by the appearance of the latter company. From that holding, though the same may not be directly in point in this case, we infer that such appearance on the part of the last-named company conferred jurisdiction of it in that cause the same as though it had been made a formal party thereto. See, also, Buerk v. Imhaeuser (C. C.) 8 Fed. 457;

Moore v. Bruce et al., 85 Va. 139, 143, 7 S. E. 195; Moyer v. McCullough, 1 Ind., 340; Wilkins et al. v. Wilkins, 4 Port. (Ala.) 245. In Tyrrell v. Baldwin, 67 Cal. 1, 4, 6 Pac. 867, it was held that a person not named in the complaint, but who might have intervened, was bound by a decree rendered against him, where he had obtruded himself into the action by filing an answer. The court said that, though he was not named in the complaint, he availed himself of the rights and privileges of a defendant. In re Heldman's Estate, 153 App. Div. 583, 138 N. Y. Supp. 59, it was held that a person appearing before a referee became a party to the proceedings. He was not a formal party, nor was he served with process or allowed to intervene. The court said:

"The report of the referee also recites that Troppman appeared by this attorney. Such an appearance by attorney in open court without objection by any other party was effectual to make him a party to the proceedings."

Several cases seemingly holding to the contrary of this doctrine may be distinguished on the ground that the court acquires no jurisdiction to render a judgment against an intruder against whom no cause of action is stated in the complaint. See Garvey v. Falk, 58 Misc. Rep. 367, 111 N. Y. Supp. 175, and Bland v. Stewart, 35 W. Va. 518, 14 S. E. 215. This general doctrine was not discussed by either of the parties to this cause, but mention of it becomes necessary for the reason that the question of the right of the appellant to intervene in the partition suit may have been determined by the trial court upon the record of the proceedings before the referee, to whom the trial of this cause was referred, and therefore entirely independent of any reference to the record proper.

[4] The appellant has restricted the consideration of the question to the record proper, although, as we have shown, he may have become a party to the partition suit by appearing before the referee and there lit-

igating his rights in the premises, and this he might have done notwithstanding that he was not named as a formal defendant nor had entered a formal appearance in the cause. The question now turns upon the sufficiency of the record of this case on appeal, for, conceding, as we must, that the trial court may have determined that the appellant had no right to intervene, in that he became a party to the cause by participation in the trial and the contesting of his rights therein, we cannot determine the correctness of the action of the trial court, in the absence of a record of the proceedings had before the referee. In the former appeal of this case, reported in 20 N. M. 1, 145 Pac. 945, we held that the record on appeal must show all of the record of the trial court necessary for a consideration of the questions presented for review, and that this duty devolved upon the appellant or plaintiff in error. In the case at bar the præcipe calls for the following, among other designated papers not material to this discussion:

"All pleadings, motions, petitions, or other papers filed by C. C. Catron as a party to said cause in the office of the clerk of the court, and all orders or motions based thereon or affecting the same."

The transcript of record, according to the certificate of the clerk, was prepared in accordance with the præcipe. Not only does the præcipe fall short of calling for all of the record of the trial court essential to a review of the questions on appeal, but the record itself fails in that regard. The record on appeal is insufficient to review the question of the right of appellant to maintain his petition of intervention.

[5] Thus far we have disregarded several questions concerning practice and procedure raised by appellant. Among other things, he contends that the motion to strike was not the proper method of raising the plea of res adjudicata, contending that it must be raised by a plea in bar, where the pleading does not show that the matter has been adjudicated on another occasion. He also contends that there can be no proper plea of res

adjudicata when the same must be founded upon an interlocutory judgment. The argument in both instances is fallacious. While the propositions urged by appellant may be true as general propositions, they are without application in this case, because the trial court evidently disregarded the proposition of res adjudicata, holding that a person who has become a party to a partition suit by participation therein was without right to subsequently intervene, and clearly this doctrine applies whether judgment, either final or interlocutory, has or has not been rendered in the main case. The only other doctrine of law which we believe it is necessary to state in this case, for the reason that it completes the general premises upon which the conclusion in this case is reached, is that the trial court will take judicial notice of all of the record in a case before it. This doctrine will be found stated in 16 Cyc. 917, as follows:

"In a case on trial in any court, its records are actually or constructively before the judge. He will therefore take judicial notice of them and the facts which they establish, as in dealing with pleas in abatement, motions to dismiss, or for a new trial based upon defects in the record or on a plea of former jeopardy. * * *"

In 15 R. C. L., Judicial Notice, § 44, it is said:

"Notice will uniformly be taken by a court of its own records in the case at bar and of all matters patent on the face of such records, including all prior proceedings in the same case. * * *"

To the same general effect in the statement in 7 Ency., Evidence, 999. This rule is so well established that citation of cases supporting it is unnecessary. The text-writers, citing cases, agree that this is a duty which the court must perform without any request from the parties. For authority on this proposition see the foregoing works. The question in the case at bar, viz. Was the appellant in a position to plead in the partition suit by way of petition of intervention and answer?

is dependent upon two things: Was the appellant a formal party to the partition suit; and, if not, did he become a party by his acts and conduct as effectually as though he had entered a formal appearance? Manifestly this depended upon the whole record of the cause, of all of which the trial court could, and probably did, take judicial notice. The fact that the matter of which the court would take judicial notice was called to its attention by the statement of facts contained in the affidavit filed by the attorney opposing the claim of the appellant is immaterial.

We have examined the questions urged by appellant and not treated of specifically in this opinion, and deem the same without merit, in view of our conclusions herein. The judgment of the trial court will therefore be affirmed; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

ON MOTION FOR REHEARING.

PARKER, J. [6] A motion for rehearing has been filed by the intervener and appellant, in which he raises a single proposition. The principles announced in the opinion are conceded in the brief to be correctly stated, but their application is denied for a single reason, i. e., that it appears from the pleadings in the case that the court never had jurisdiction of the subject-matter of partition of the premises involved, and therefore the intervener could not be bound by any conduct of his in the cause, or any judgment rendered by the court. The contention is founded upon the proposition that the complaint in the case contains the following allegation:

"Plaintiffs further allege, upon information and belief, that afterwards [subsequent to the confirmation of the grant by the court of private land claims in 1894] the sand grant or tract of land was partitioned between the said Paulin Montoya, Juan Jose Silva, Pedro Gonzalés, and Miguel Ortiz, so as to give the said Paulin Montoya 4,600 varas of land, Juan Jose Silva 700 varas of land, Pedro Gonzales 700 varas of land, and Miguel Ortiz 1,400 varas of land, but said plaintiffs are not informed as to whether

or not said partition and division of said tract as aforesaid can now be definitely located or determined."

It is upon this allegation that the contention of intervener and appellant is based. The argument proceeds upon the theory that a pleading is to be taken most strongly against the pleader, and is, of course, to be given the effect of proof of the facts alleged. The principle invoked, however, has no application in this case. It may be conceded that the allegation, if it alleges partition in fact, is sufficient, standing alone, to oust the court of jurisdiction of a partition suit of the tract of land, because the land has already been partitioned and is held in private ownership in segregated tracts. It is to be observed, however, that this allegation relates to a condition of the title at some indefinite time subsequent to 1894, the date of the confirmation of the grant. That may have been the true condition of the title at some period between 1894 and March 3, 1904, when the complaint in this case was filed. The complaint, however, contains the following allegation, viz.:

"Plaintiffs further allege that the said plaintiffs and some or all of the defendants, except the defendants 'all' unknown claimants of interests adverse to the plaintiffs in and to the real estate herein described,' are each the owner of an undivided interest in said premises   *   *   * as the heirs or assigns or legal representatives of the said Paulin Montoya, Juan Jose Silva, Pedro Gonzales, and Miguel Ortiz, or their heirs, or assigns, or legal representatives."

It therefore appears from the allegations of the complaint that, while at some time prior to the filing of the suit, the grant had been partitioned between the four persons named, at the time of the filing of the complaint the grant was held in common by persons holding under the said four persons named.

The original decree of partition found that the tract of land, with certain deductions and exceptions, was one in fee simple, and was held as tenants in common by

certain persons named in the decree. The final judg-
ment in this case confirms the report of three commis-
sioners appointed to make partition of the grant, and
who reported that partition and division of the prem-
ises could not be made consistently with the interests
of the estate and the rights of the parties. This report
of the commissioners was confirmed and a sale ordered.
It therefore appears that the condition of the title at
the time of the institution of the partition suit was that
of tenancy in common, and it becomes immaterial if at
some prior time the property was owned in severalty.
The whole argument of intervener and appellant fails.
It does not appear, as contended, that at the time of the
institution of this suit the title to the premises in con-
troversy was held in severalty, but it does appear that
at time it was held in common by the persons to whom
it was awarded. Consequently the court did have jur-
isdiction to partition the land, and the judgment, so
far as the intervener and appellant is concerned, was
correct.

It follows that the motion for rehearing should be de-
nied; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.