LUCY M. THOMPSON, plaintiff in error, *vs.* R. J. MOSES, defendant in error.

Where one filed his petition to be declared a voluntary bankrupt, and ten days thereafter a tract of land belonging to him was sold by the sheriff, under a *fi. fa.* from a Court of this State against the petitioner, which had been previously levied, and the petitioner was afterwards declared a bankrupt, but died before the proceedings in relation to his bankruptcy were concluded:

*Held*, That the sale by the sheriff was a good sale, and divested the title of the bankrupt; that no title to the property ever vested in the assignee, and the purchaser at the sheriff's sale got a good title, even as against the wife's right of dower, under the laws of this State.

Lien. Dower. Bankruptcy. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1870.

Mrs. Thompson, on the 1st of September, 1869, prayed for the appointment of commissioners, to assign her dower in certain land, of which she averred her husband, D. B. Thompson, died seized and possessed. Moses objected, for the following reasons: In the fall of 1867, Robert Hays obtained a judgment against said D. B. Thompson, in the Superior Court of said county. Said land was levied on by a *fi. fa.* issued upon that judgment and other *fi. fas.*, on the 3d of April, 1868, and after due and legal advertisement,

said land was sold on the 5th of May, 1868, to Moses, at a legal sheriff's sale. The sheriff made Moses a deed and put him in possession, and Moses ever since has been in possession of said land. On the 3d of May, 1868, D. B. Thompson filed his petition in the United States District Court to be adjudged a bankrupt, and on the 19th of May, 1868, was so adjudged, and all his property was then and there assigned to one Sharman, as his assignee in bankruptcy. Sharman filed his petition in the United States District Court to vacate said sale, and on the 30th of March, 1870, the sale was there affirmed by a decree. D. B. Thompson lived several months after Moses bought and had possession of said land, and said Thompson did not die seized and possessed of the same. These reasons were demurred to, but the Court overruled the demurrer; and the statements being conceded to be true, the Court dismissed the application. This is assigned as error.

H. L. BENNING, for plaintiff in error. Dower at common law : 2 Bl. Com., 129 ; by our statute, Cobb's N. D., 171, 179 ; 28th Ga. R., 478 ; Revised Code, sec. 1753. Dower in Georgia without seizure and possession at death : 40th Ga. R., 32 ; Davis vs. King, last term. Dower is favored : 37th Ga. R., 492. Liens are postponed for dower : R. Code, sec. 1759 ; 37th Ga. R., 492 ; 38th, 1. The sheriff's sale was void, because after petition filed : Bankrupt Act of 1867, sec. 14. Title went to assignee subject to dower : 1st G. and J., 232 ; James' Bankrupt law, 38 ; Rice's Bankrupt law of 15th June, 1871 ; Rice's Bankrupt law of January 2d, 1871.

M. H. BANDFORD ; R. J. MOSES, for defendant.

McCAY, Judge.

We decided in the case of *Sharman vs. Howell*, 40th Georgia, 257, that the application of a defendant in execution to be declared a bankrupt, did not affect the right and duty of

a sheriff to sell property levied on at the date of the petition. The lien of the judgment is preserved by the bankrupt law, and it is at the option of the plaintiff in the judgment to proceed with his execution, or to go into the Bankrupt Court and prove his debt. On looking more closely in the subject, we are fully satisfied with our decision in that case. Under the Bankrupt Act of 1840, the Supreme Court of the United States held this very position: Swazers, assignee, vs. Best, 3d Howard Reports, 161. The Act of 1869 is, in this respect, very much the same. No case of this kind, under the Act of 1867, has come before the Supreme Court, so far as we know. But the decisions of the District and Circuit Judges have been uniformly in accordance with the view we have taken: See Bump on Bankruptcy, 362; 1 Bankrupt Register, 150, 167; 2 Bankrupt Register, 150. We do not say that the Bankrupt Court may not, if it becomes necessary to a proper disposition of the bankrupt's effect, compel the judgment-creditor, who has made a levy, to come into that Court, by special proceedings against him for the purpose. But we are clear that, in ordinary cases, the sheriff may proceed with a levy made before the petition is filed. If this be the law, the title of the defendant in *fi. fa.* was divested by the sheriff, and never passed at all to the assignee. By our Code, section 1753, the wife only has dower in the lands of which her husband died seized. At his death he had neither title, possession nor right in this land, and the wife's right of dower did not attach, for the simple reason that the land had been sold by the sheriff, and the title, without qualification, had gone to the purchaser.

We incline to agree with the argument of the counsel for the plaintiff in error, that the Code, section 1753, is to be construed in harmony with the previous Acts in reference to dower, and that the right of the widow to dower must be divested by some of the modes provided by the Acts of 1826, 1842, or other Acts; for by the Code, section 1754, a naked conveyance of the title in trust for creditors, as is the case of

an assignee in bankruptcy, does not, as it seems to us, bar the right of dower, if the husband dies before the property is sold, and passes to a purchaser under the bankrupt law. Under our Act of 1842, a *sale* by the sheriff does this; but a mere seizure would not do so. We do not, however, care to go fully into this question, since under the Act of 1842, (Cobb's Digest, 179,) the wife's right of dower was, in this case, barred by the conveyance of the sheriff, in pursuance of a sale under legal process, and the assignee never took any interest.

Judgment affirmed.