[No. 774. Decided March 1, 1893.]

WILLIAM M. CALHOUN, *Respondent*, v. JOHN LEARY, JACOB FURTH AND LEARY-COLLINS LAND COMPANY, *Appellants*, AND M. V. B. STACY *et al.*, *Respondents*.

HUSBAND AND WIFE — COMMUNITY PROPERTY — EQUITABLE INTEREST — ESTOPPEL — EXECUTION SALE — PRESUMPTION AS TO DEBTS.

Where a husband and wife mutually agree that property acquired by each shall be treated as separate property, and the husband acquires an equitable title to real estate which he transfers to a *bona fide* purchaser who has knowledge of such agreement, both the wife and the community are estopped from asserting any community interest in the land.

Every debt created by the husband during the existence of marriage is, *prima facie,* a community debt; and a sale of land on execution on a judgment rendered for such debt will divest the title of the community to the land.

Where the husband does not acquire other than an equitable interest in land, the community, or the wife as a member thereof, obtains no such interest therein as can be asserted against one having superior equities.

An equitable interest in land can be sold on execution under the statutes of this state.

*Appeal from Superior Court, King County.*

*Preston, Albertson & Donworth,* for appellants John Leary and Jacob Furth; *Bausman, Kelleher & Emory,* for appellant Leary-Collins Land Company.

*Blaine & De Vries,* for respondent William M. Calhoun; *James Kiefer,* for respondent McGraw.

The opinion of the court was delivered by

HOYT, J.—In January, 1884, M. V. B. Stacy, John Leary and A. Mackintosh desired to jointly purchase the land the title to which is in controversy in this action. The first named had the money with which to make the purchase, and was willing to make it on the joint account of the three. It was therefore agreed between them that the purchase should be made, and the entire consideration paid by said Stacy. Under this arrangement the property was purchased by said Stacy, and the legal title thereto placed in said Mackintosh, and a memorandum made between them by which it was agreed that each of said parties should have a one-third interest in the same, the said Leary and Mackintosh each to pay said Stacy the sum of $2,666.67 within six months, with interest thereon from the date of the agreement at one per cent. per month. Upon such payment by said Leary and Mackintosh, each of the parties was to be entitled to a deed of an undivided one-third interest in the property. While the legal title yet remained in said Mackintosh, the said Leary paid his share of the purchase price. The said Mackintosh never paid for his share, and at this time disclaims all interest growing out of said agreement; and, so far as his equitable interest is concerned, it can cut no figure in the case, as upon such disclaimer by him his interest therein, if he ever had any, was in equity vested in said Stacy. The said Mackintosh, as the holder of the legal title, issued to said Stacy a certificate showing that he was the owner of an undivided one-third interest in the land. Soon after such certificate was issued, Stacy, for a valuable consideration, assigned and transferred it and his interest thereunder to one Mathias, who, by like assignment, and also by quit-

claim deed, conveyed said interest to Fred E. Sander, who thereafter received a deed from Mackintosh, the holder of the legal title, conveying to him the same interest. Sander and wife then conveyed to William M. Calhoun, the plaintiff in this action. After the payment of his share of the purchase price by Leary, and long after the time when the interest of said Mackintosh should have been paid for under the terms of said agreement, the property was levied upon and sold under an execution issued upon a judgment in favor of one George D. Hill, and against said Stacy and Leary, at which sale the property was bid in by said George D. Hill, who thereafter received a sheriff's deed therefor. The title, if any, thus acquired by said Hill was afterwards conveyed to and vested in the respondent John H. McGraw. Such title was questioned by certain parties, who instituted a suit in equity relating thereto, and such proceedings were had that the matter was finally compromised by the payment of the claim of those attempting to assert equities as against said title by said McGraw in the interest of the title derived from said Hill. Before the interest of said Hill was purchased by said McGraw, he had, in the interest of the several claimants, been vested with the legal title to an undivided two-thirds interest in said land as the trustee for said claimants. At this time, and before said purchase by said McGraw, negotiations were had between him and said Leary, by which it was arranged between them that the title derived by said Hill under said execution sale should be purchased by said McGraw in the interest of himself and the said Leary. This arrangement was carried out, and the title of said Hill purchased by said McGraw, and the sum of $8,000 paid therefor. In further pursuance of the arrangement between said Leary and McGraw, the interest of those attempting to assert equities as against the Hill title was purchased in their interest by said McGraw, and the sum

of $4,000 paid therefor.   It was understood between said McGraw and Leary that they each had an equal interest in these transactions.   It was understood between them that the entire interest held by both of them was a two-thirds interest in the property in question.   At the request of said Leary, and in pursuance of this understanding, the said McGraw conveyed to one Jacob Furth, as trustee for said Leary, an undivided one-third interest in said property.   During all this time the said M. V. B. Stacy and said John Leary were married men, living with their wives in the city of Seattle, where the property was situated.   Some time after the transactions hereinbefore set out, the said Stacy and his wife conveyed their interest in the entire property to John Collins, and he, his wife joining him, conveyed the same to the Leary-Collins Land Company, one of the appellants here.   At the time these last conveyances were made it is clear that the grantees in such conveyances had full knowledge of all the facts above set forth.   They also had full knowledge of the fact that there was an oral agreement existing between the said Stacy and his wife that each of them should have the sole management of their own property, and that all property acquired by either of the spouses before or during marriage should, as between them, be the property of the spouse thus acquiring.

Under this state of facts the question presented is as to the respective interests in said property of the parties to the action.   The appellant the Leary-Collins Land Company claims that it is the owner of the entire title, for the reason that the land, when acquired by said Stacy, became at once community property and could only be conveyed by the joint action of the two spouses.   We are unable to agree with this contention for the reason that the legal title was never vested in said Stacy, either as separate or community property.   All that he had was an interest, the

right to which he could assert in a court of equity. If that was all the title that he had, it was all that the community could have. It would follow that neither the community as a whole nor the spouse who had taken no part in the transactions could assert any right to the land which it would not be equitable thus to assert. Now, whatever the effect of this oral agreement between said Stacy and his wife might have had upon property acquired after marriage, where the legal title had been conveyed, it is clear that in a court of equity neither of the spouses could assert any right to property thus acquired in the hands of a purchaser for value, who had obtained it solely from the other spouse. We know of no reason why the members of a community as a whole or separately should not be bound by the same rules of good conscience as those not occupying such a relation; and, as an individual who held another out to the world as having full authority to deal with and make title to any property, real or personal, would be estopped from attacking the title thus conveyed in the hands of a purchaser for value, we see no reason why a member of the community should not upon the same principle be estopped from asserting rights to a title conveyed by the other whom she had, not only at the time of the conveyance, but for a long time both before and after it, held out to the world as being entitled to thus deal with the property. Besides, even if the interest which said Stacy acquired in the property should be held to have been a community interest, we think that such interest would have been divested by the sale on execution. It is clear that such would have been the effect of the sale had it appeared that the debt for which the judgment was rendered was a community debt. But it is claimed that in the absence of any showing of this kind it will be presumed that it was the separate debt of the spouse against whom the judgment was rendered. In our opinion, every debt created by the husband during the ex-

istence of the marriage is *prima facie* a community debt. All the property acquired by him is *prima facie* community property, and we think that justice and good conscience demand that the other presumption should also prevail. In the absence of any proof as to the nature of the debt this presumption obtained, and, for the purposes of this case, the debt upon which this judgment was rendered must be held to have been a community debt, and for that reason the entire property of the community divested by the sale made thereunder; and, as this appellant is charged with full notice, it can assert no right which the community could not have asserted if it had not conveyed. It follows that it has no interest whatever in the property.

The appellants Leary and Furth who, for all practical purposes, may be considered as Leary alone, as Furth has only been made a party by reason of the fact that Leary's title is held by him as trustee, do not assert anything as against the title of the respondent William M. Calhoun. Their contention is that they are entitled to the remaining two-thirds interest in the property, and that the respondent John H. McGraw is entitled to no interest whatever. It is claimed by them that the one-third interest which Leary obtained by reason of the original arrangement at the time of the purchase of the property has never been divested, and that by reason of the conveyance from McGraw they obtained another one-third interest. In our opinion, this contention cannot be sustained, for two reasons: *First*, Because the original interest of Leary in the property was divested by the sale on execution; *second*, whether or not his interest was in fact conveyed by the execution sale, it clearly appears from the proofs that this was a question taken into consideration at the time of the arrangement for the purchase of the Hill interest by said McGraw in the interest of himself and said Leary, and it was at that time understood between them that upon such purchase said

Leary's original one-third interest, together with the other one-third which it was supposed Hill had title to, would pass to said McGraw for their joint benefit. Under this state of facts equity and good conscience will not allow either to assert as against the other an adverse title to said two-thirds interest, or any part thereof; and, as said Leary did not at any time have the legal title to any interest in said property, it follows that the community, or the wife as a member thereof, obtained no such interest therein as could be asserted against one having superior equities.

In what we have said we have not overlooked the point made in the interest of the appellant the Leary-Collins Land Company that an equitable interest in land could not be sold on execution. In our opinion, our statute settles this question adversely to such contention.

The decree of the court below properly adjudicated the title as between the several parties to the action, and must, therefore, be affirmed.

STILES and ANDERS, JJ., concur.

DUNBAR, C. J., and SCOTT J., concur in the result.