Grafton, }
June, 1894. }

HURLBUTT *v.* CURRIER.

Under P. S., c. 201, s. 5, a levy of execution is not dissolved or impaired by subsequent insolvency proceedings.

A judgment creditor will not be prevented from enforcing his lien by knowledge of the debtor's insolvency.

TROVER, for 217 pieces of cloth. Facts agreed. November 25, 1893, Benjamin Greenbank was adjudged insolvent, upon his petition filed November 17, 1893. A warrant issued November 25 to W. B. Richardson, deputy sheriff, as messenger. The defendant was elected and appointed assignee December 26. At the October term, 1893, for the southern judicial district of Grafton county, George H. Goodhue obtained judgment against Greenbank for $501.05 damages and $9.93 costs of suit, the date of judgment being October 19. Execution issued October 23, and was placed in the hands of the plaintiff, sheriff of the county, who seized the cloth November 13, placed it in the hands of a

keeper, and was proceeding to advertise and sell it upon execution, when it was taken from the keeper by the messenger, who subsequently delivered it to the defendant as assignee. The defendant subsequently sold it, and holds the proceeds as assets of the estate of the insolvent.

Goodhue, his attorney, and the plaintiff had reasonable cause to believe Greenbank was insolvent at the time the cloth was seized by the plaintiff.

*John L. Spring*, for the plaintiff.

*George W. Murray*, for the defendant.

BLODGETT, J. Section 26 of the insolvency statute (P. S., c. 201), which provides that " The proceedings in insolvency shall dissolve all attachments of the debtor's property made within three months before the beginning thereof," applies to attachments on mesne process under which the lien acquired is merely contingent and provisional upon the recovery of judgment by the plaintiff, and does not apply to absolute liens acquired by a seizure or levy on execution as contended by the defendant.

An execution is final process and the end of the law, and the settled doctrine is that a seizure or levy upon it before the commencement of insolvency or bankruptcy proceedings against the debtor under statutes containing provisions like that in *s.* 26, although not completed until afterwards, is not dissolved or impaired by the proceedings. In such a case, the possession of the sheriff cannot be disturbed by the assignee, who is only entitled to the residue of the property remaining after the execution has been satisfied. *Cushing* v. *Arnold*, 9 Met. 23, 26; *Andrews* v. *Southwick*, 13 Met. 535; *Hall* v. *Hoxie*, 3 Met. 251; *Marshall* v. *Knox*, 16 Wall. 551; *Savage* v. *Best*, 3 How. 111; *Mollison* v. *Eaton*, 16 Minn. 426,— 10 Am. Rep. 150; *Fehley* v. *Barr*, 66 Pa. St. 196; *Thompson* v. *Moses*, 43 Ga. 383; *Doremus* v. *Walker*, 8 Ala. 194,—42 Am. Dec. 634; 2 Freem. Judg. (4th ed.) 691; Av. & H. B. L. 56 ; Bump B'k'cy (10th ed.) 320 ; Freem. Ex'ons, s. 207.

The conversion of the property in suit by the defendant was unlawful. If the failure of the plaintiff to advertise and sell it as required by P. S., *c.* 232, *s.* 2, rendered its subsequent retention by him invalid as against other creditors of the debtor (*Poole* v. *Symonds*, 1 N. H. 289, 295), the debtor himself had no right, title, or interest in the property which entitled him to its possession at the time of his assignment (*Caldwell* v. *Eaton*, 5 Mass. 399, 404); and the defendant, by force of the statute and assignment, took nothing more than the debtor had. He stands in his place, having his rights and his only, except in cases of

fraud. *Adams* v. *Lee*, 64 N. H. 421, 423. There is here no alle-
gation of fraud or illegality of any kind, other than that arising
from the fact that the execution creditor, his attorney, and the
plaintiff had reasonable cause to believe the debtor was insolvent
at the time the levy was made. For the present purpose this is
of no consequence. There is nothing in the insolvency statute,
either in its language or object, which prevents a creditor from
seasonably enforcing his judgment lien against a debtor who is
even known to him to be insolvent. It would be absurd to hold
that a party may not enforce a valid lien upon property simply
because he has knowledge of the owner's insolvency. A legal
right not enforceable by its possessor is unknown to the law of
this jurisdiction.

The action can be maintained on the agreed facts.

                                                    *Case discharged.*

All concurred.