[No. 15210. Department One. July 7, 1919.]

E. M. GORDON *et al.*, *Respondents*, v. C. D. HILLMAN *et al.*, *Appellants*, NATIONAL CITY BANK *et al.*, *Garnishee Defendants.*[1]

EXECUTION (10)—PROPERTY SUBJECT—EQUITABLE INTEREST IN NOTE. The equitable or reversionary interest of the payee of a promissory note, pledged by him as security for a debt, may be sold on execution, under Rem. Code, § 518, providing that all property of the judgment debtor not exempt by law shall be liable to execution.

GARNISHMENT (46)—TRAVERSE OF ANSWER AND ISSUES THEREON. A garnishee's answer that it held, as trustee, a note belonging to the judgment debtor for $94,777, pledged to it as security for $14,338, and alleging that the maker of the note claimed an offset amounting to $70,000, is controverted, within Rem. Code, § 712, requiring the issue to be tried out, where the debtor answered alleging fraud and collusion between the plaintiff and the maker of the note to obtain an unfair sale at public auction to the debtor's loss; and it is error to order a sale before the issue is tried and the offset of the maker is determined.

Appeal from an order of the superior court for King county, Smith, J., entered September 20, 1918, directing the delivery of property to the sheriff for sale on execution, in garnishment proceedings. Reversed.

*Gay & Griffin* and *Geo. H. Rummens*, for appellants.

*Byers & Byers* and *Aust & Terhune*, for respondents.

TOLMAN, J.—Respondent is a judgment creditor of appellant C. D. Hillman, and heretofore duly caused a writ of garnishment to issue in the cause, directed to the garnishee defendants. The Title Trust Company answered, admitting that it held, as trustee, a note in the principal amount of $100,755, executed by C. K. Sturtevant and wife, payable to it as trustee on or before July 1, 1919, which note is secured by a mortgage, also running to it as trustee, on certain real

[1]Reported in 182 Pac. 574.

estate in Snohomish county. It further admits that it holds the note and mortgage as trustee for C. D. Hillman, under a written trust agreement, which is made a part of its answer; that payments have been made on the note, and the amount now owing thereon is $94,777.54, to which the makers claim an offset; that the note and mortgage have been assigned by Hillman to the National City Bank; and alleges that there is due to it for its services as trustee the sum of $100.

The answer of the National City Bank sets out the assignment of the note and mortgage made by Hillman to it, which provides that it is made to secure the payment of any and all indebtedness then or thereafter incurred which may became due from Hillman to the bank, and that the indebtedness so secured at the time of the service of the writ was $14,338.76.

Sturtevant answered, admitting the execution of the note and mortgage for the benefit of Hillman, also alleges the assignment thereof by Hillman to the bank, sets up certain payments, and states the balance owing on the note according to its terms to be $94,777.54, but alleges that the consideration for the note has failed in part and that he, Sturtevant, has certain counterclaims or offsets against the Title Trust Company as trustee and against Hillman amounting to some $70,000, and denies any liability on the note in excess of $24,000.

Hillman and wife also answer and set out the execution of the note and mortgage, allege the assignment in good faith to the bank, and further allege that there is collusion between respondent and Sturtevant and that the garnishment writ was procured as a part of a fraudulent scheme to have the note and mortgage sold at auction, to their loss and injury.

Upon the writ and several answers, respondent moved for an order requiring the delivery of the note

and mortgage to the sheriff of King county for sale on execution, and the trial court entered an order granting such motion, but providing that there first be paid out of the funds of such execution sale $14,338.76 to the bank in full of the amount due it, and that the trust company be paid its claim of $100 for services, from which order this appeal is taken.

It is contended that Hillman's interest in the note and mortgage, being an equitable one only, is not subject to sale on execution; and many authorities are cited to show that such was the rule at common law. Our statute has, however, removed this question from the realm of the common law. Rem. Code, § 518, provides:

"All property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution."

Under this statute, it was held in *Calhoun v. Leary,* 6 Wash. 17, 32 Pac. 1070, that an equitable interest in land will be divested by sale under execution, and we are not now disposed to limit the statute. But, though appellant's interest in the note and mortgage might pass on execution sale, it does not necessarily follow that the order appealed from must be affirmed. Appellant's answer raised the question of fraud and collusion. For the sheriff to sell with this issue undetermined would, no doubt, result in loss to appellant Hillman; especially so, as his interest in the note, if Sturtevant's offset should not be sustained, greatly exceeds the amount due on the judgment, and no bidder could be expected, in the light of Sturtevant's undetermined claim, to bid anything approaching what would be the value with Sturtevant's claim eliminated, or even liquidated. The garnishment statute itself provides the remedy (Rem. Code, § 702), to the effect that, if the answer of the garnishee be controverted,

an issue shall be formed and tried as other cases. As we have seen, the answer of the garnishee defendant Sturtevant is controverted as to the good faith of the proceeding, and the trial court should have proceeded to form issues as to the rights and liabilities of the several parties and try out those issues before ordering the note and mortgage surrendered to the sheriff for sale on execution.

Reversed, and remanded with instructions to proceed in accordance with the views herein expressed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.