[Civ. No. 6555.   Third Appellate District.—February 21, 1941.]

ALLEN J. WRIGHT et al., Petitioners, v. SUPERIOR COURT OF CALAVERAS COUNTY et al., Respondents.

J. Jos. Sullivan, Morgan J. Doyle, Clarence A. Shuey, D. Bianco, L. Ferrari and L. Ferrari, Jr., for Petitioners.

Jos. H. Huberty and Virgil M. Airola for Respondents.

PULLEN, P. J.—By this writ of prohibition petitioners seek to restrain the Superior Court of the State of California, in and for the County of Calaveras, from taking any proceedings in an action numbered therein as No. 2826, and now pending in said court.

From the pleadings and exhibits before us it appears that in 1939, petitioners herein, with the exception of Bank of

America, together with L. A. Morrison, formed a limited partnership for the purpose of engaging in the business of gold dredging under the name of "San Andreas Gold Dredging Company."

In May, 1940, Allen J. Wright commenced an action in the Superior Court in San Francisco for the dissolution of the partnership and for the sale and distribution of its assets. All of the other members of the partnership, including L. A. Morrison, answered and joined in the relief sought.

Thereafter, plaintiff therein asked for judgment on the pleadings, and the motion was set for hearing for October 25th. On the day of the hearing of the motion for judgment on the pleadings Morrison asked for and was granted leave to file an amended answer. The allegations of the amended answer were identical with his original answer, except as to the prayer, the amended answer asking that plaintiff take nothing by reason of his complaint. After a hearing, a judgment on the pleadings was granted, and a dissolution of the partnership was ordered, and the assets directed to be sold, the debts and liabilities paid, and the surplus, if any, distributed. It was also provided that the two general partners Allen J. Wright and Charles H. Thurman should proceed to sell the assets to the highest and best bidder, and that notice thereof be given as for the sale of property on execution as provided by section 692 of the Code of Civil Procedure. By proper pleadings it appeared that Morrison had assigned or encumbered a part of his interest to the Bank of America and M. H. Manuel, and to them were to be distributed, out of any share belonging to Morrison, such amounts as their interests appeared at the time of distribution.

Thereafter, Wright and Thurman proceeded to advertise the property for sale for December 12, 1940. On December 11, 1940, Morrison filed a notice of appeal to the District Court of Appeal, First Appellate District, and on the same day applied to the trial judge of the Superior Court in San Francisco for a stay of the sale. The judge refused to consider the matter *ex parte,* and continued the application for a stay until 2 o'clock in the afternoon of that day. At that time certain of the parties being then present, the application was renewed, but by the court refused.

On the following day, December 12th, L. A. Morrison filed an action in the county of Calaveras against petitioners

herein, seeking to enjoin the sale which the Superior Court in San Francisco had directed to be held that morning, and asked that a receiver be appointed. A temporary restraining order and order to show cause was thereupon issued by respondent herein, the Superior Court of Calaveras County, and the order served upon petitioners shortly before the time for the sale of the property. An *ex parte* application was made to respondents herein to vacate the temporary restraining order upon the ground that court was without jurisdiction, but the application was refused and the matter set for a hearing upon its merits.

This petition is now filed here to prevent respondents' proceeding in that matter, on the ground of lack of jurisdiction, and that the exclusive jurisdiction over the matter and over the liquidation and distribution of the assets of the partnership is vested in the Superior Court in and for the City and County of San Francisco.

With this contention we must agree. The Superior Court in San Francisco having assumed and exercised jurisdiction over the dissolution of the partnership, and the liquidation and distribution of its assets, that court thereby acquired and has exclusive jurisdiction over said matters.

That prohibition will lie to restrain one court from assuming jurisdiction over a matter which another tribunal having concurrent jurisdiction, has already assumed, and is exercising, is directly held in such cases as *Lee* v. *Superior Court,* 191 Cal. 46 [214 Pac. 972] ; *Dungan* v. *Superior Court,* 149 Cal. 98 [84 Pac. 767, 117 Am. St. Rep. 119], and *De-Brincat* v. *Mogan,* 1 Cal. App. (2d) 7 [36 Pac. (2d) 245].

There can be no question that the Superior Court of San Francisco had already acquired jurisdiction over the matter in dispute and was qualified to afford all the relief sought (*Crowley* v. *Davis et al.,* 37 Cal. 268) and no proceeding to enjoin the execution of an order or judgment of one court may be brought in a court of co-ordinate jurisdiction, but any relief must be sought in the court whose order or command is involved. (*Gorham* v. *Toomey,* 9 Cal. 77; *Rickett* v. *Johnson,* 8 Cal. 34, 37; *Revalk* v. *Kraemer,* 8 Cal. 66 [68 Am. Dec. 304], and cases cited above.)

If Mr. Morrison felt aggrieved at the action of the Superior Court in San Francisco, the District Court of Appeal to

which he had directed his appeal was the proper forum to consider his complaint.

Let the writ of prohibition issue.

Thompson, J., and Tuttle, J., concurred.