No. 18,849.

HERCULES EQUIPMENT CO. *v.* ROSABELLE L. SMITH.
(335 P. [2d] 255)

Decided February 2, 1959. Rehearing denied February 24, 1959.

Messrs. GELT & GROSSMAN, Mr. PERCY S. MORRIS, for plaintiff in error.

Mr. JOHN F. MUELLER, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

HEREIN we refer to the plaintiff in error as Hercules, to defendant in error as the wife, and to Francis H. Smith as the husband.

On April 14, 1958, Hercules secured a judgment against the husband for the sum of $3532.95. This judgment be-

came final and, pursuant to execution issued thereon, Edward O. Geer, as manager of safety and ex-officio sheriff of the City and County of Denver, on July 7, 1958, seized a certain Lincoln Capri automobile. Promptly after the seizure, the wife filed her verified "Motion for Restraining Order" in the case in which the above mentioned judgment was entered, wherein she alleged that she was the owner of the automobile and had the entire legal and equitable ownership thereof. She attached to her motion a "Certificate of Title to a Motor Vehicle" issued by the motor vehicle division of the department of revenue, dated November 8, 1957, which shows transfer of title of the Lincoln Capri automobile from the husband to the wife as of October 31, 1957. She further alleged that she was in no manner indebted to Hercules; that the judgment of Hercules is against the husband only, and the seizure by Geer unlawful. She asked that an order be entered *restraining Geer* from proceeding further in execution on the automobile and *restraining him from retaining possession thereof.* This so-called motion, with the exception of failure to allege a demand, contained all of the necessary allegations to constitute a complaint in replevin against Geer for possession of the automobile. There is nothing in the record to indicate that Geer was ever served with any process or had knowledge of the pendency of the motion or the hearing thereon. Geer filed no responsive pleading.

Hearing on this motion was had before the Honorable Joseph M. McDonald on July 23, 1958, at which hearing sworn testimony was presented. At the close of the testimony Judge McDonald stated:

"There is no evidence at all here to contradict Mrs. Smith as to whether or not this car was her property.

\* \* \*

"If you [Hercules] are to prevail here, you must ask this Court to disbelieve everything the petitioner testified to. I have no reason to disbelieve it. Accordingly, I am going to grant the motion."

Thereafter, and on July 29, 1958, a formal and final order, *signed by the Honorable Edward J. Keating,* was entered nunc pro tunc as of July 23, 1958 (the date of hearing before McDonald), in which it is recited that:

" * * * the Court having read said motion and the file in this cause, and after having heard the sworn testimony offered by the parties and the statements of counsel, and being now fully advised, DOTH FIND:

\* \* \*

"That Rosabelle L. Smith [the wife] * * * is the *lawful owner* of said 1955 Lincoln Capri * * * and is entitled to the *immediate possession* of the same." (Emphasis supplied.)

The order provides:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

"1. That Edward O. Geer, as Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, *shall forthwith deliver possession* of a 1955 Lincoln Capri 4 door sedan automobile, manufacturer's No. 55 WA 19339H bearing 1958 Colorado license No. DM 827, unto Rosabelle L. Smith, and *shall discontinue any proceeding under execution* in this cause for the sale of said automobile. * * *." (Emphasis supplied.)

Hercules (not Geer) seeks review and reversal of this final order.

Counsel here urge that the transfer from the husband to the wife was in fraud of creditors and therefore void. This matter we do not consider, for the reason that there is nothing in the record before us to indicate that any such contention was presented to the trial court by pleading, testimony or argument.

Rule 8, R.C.P. Colo., provides:

"(b) A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments of the adverse party. * * *.

"(c) In pleading to a preceding pleading, a party shall set forth affirmatively accord * * * failure of considera-

tion, fraud, illegality * * * *statute of frauds* * * * and any other matter constituting an avoidance or affirmative defense. * * *." (Emphasis supplied.)

No such responsive pleading was filed in this case, hence there was no such issue presented for determination.

We find no sanction in our rules of procedure, or the common law, for the proceedings had in the trial court.

 The wife is a complete stranger in the case; she appeared and filed her motion without leave of court. Though she may have been entitled to intervene (a question which we do not determine), pursuant to Rule 24 (a) (3), R.C.P. Colo., she should have made timely application for permission to intervene. She comes within the following language from 67 C.J.S. 1001, §64:

" * * * one who attempts to intervene without bringing himself within, or complying with, the provisions of the statute is a mere interloper who acquires no rights by his unauthorized interference unless objections thereto are waived * * *."

 In her motion she sought equitable relief, a restraining order, and the trial court granted the relief requested and went a step farther and entered a mandatory injunction directing Geer to deliver the automobile to the wife — all of this when there was available to the wife a speedy, complete and adequate remedy at law — an action in replevin. There is neither allegation nor proof that such remedy was not available to plaintiff.

"The rule that an injunction will not be granted where the remedy at law for the injury complained of is full, adequate and complete, discussed in the C.J.S. title Injunctions §25, also 32 C.J. p. 57 note 34, is generally applied to suits for an injunction against a levy or sale under an execution; if there is an adequate remedy at law an injunction will not be granted, while if there is not an adequate remedy at law an injunction will ordinarily be granted. If the remedy at law is doubtful and

obscure, an injunction will be granted." — 33 C.J.S. 349, 350, §151.

"The general rule that an injunction will not be granted where there is an adequate remedy at law has been applied where there was an adequate remedy by ejectment, *replevin,* trespass, * * *." (Emphasis supplied.) — 43 C.J.S. 454, §25.

■ The record does not show that Geer ever received any notice of the pendency of the wife's petition; he never appeared in person or by counsel below, and understandably filed no responsive pleading; he does not appear here in person or by counsel, and yet he has been ordered not to proceed with the execution; he has been ordered to deliver the automobile to the wife. Such orders without process or notice are without validity.

The Reporter's transcript and the record show that the hearing on July 23, 1958, was held before the *Honorable Joseph M. McDonald* and, as pointed out above, he made the statement that he was going to grant the wife's motion. The judgment here for review is signed by the *Honorable Edward J. Keating,* and in the judgment it is recited:

" * * * and the Court having read said motion and the file in this cause, and after having heard the sworn testimony offered by the parties and the statements of counsel, and now being fully advised, DOTH FIND: * * *."

■ We feel that better practice dictates that the judge hearing the evidence make the findings and enter the judgment, rather than having the findings and judgment entered by a judge who is a total stranger in the case.

Finding as we do, from the record before us, that (1) the intervention was without authority; (2) that subsequent proceedings were without notice, and (3) that the judgment to be reviewed is signed by a judge who never participated in the case, we feel constrained to reverse the judgment entered herein.

The judgment is reversed with directions that the final

order entered July 29, 1958, nunc pro tunc as of July 23, 1958, be vacated and set aside, the "Motion for Restraining Order" stricken, and the interested parties permitted to take such further steps as they may deem advisable, to the end that the respective rights of the parties may be determined and without prejudice by reason of proceedings had herein.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE dissent.

MR. JUSTICE FRANTZ dissenting:

I am not in accord with the majority opinion. Perforce, the pleadings and the evidence being what they were, the trial court was called upon to settle one issue: whether the wife was the legal and equitable owner of a Lincoln automobile. Such the wife charged in her motion; such in great measure she failed to prove.

Hercules Equipment Co. recovered a money judgment against Mr. Smith, had an execution issue thereon, and pursuant to the writ the sheriff levied upon and seized a 1955 Lincoln Capri automobile. Mrs. Smith sought by her motion to restrain the sheriff from acting further under the execution writ, and additionally to order undone the acts already performed by the sheriff in pursuance of the writ.

The only testimony relating to the purchase of, payments on, and transfers of record title in connection with said automobile was given by Mrs. Smith. At the conclusion of the evidence, in response to the contention of the judgment creditor, the trial court said, "If you are to prevail here, you must ask this Court to disbelieve everything the petitioner [Mrs. Smith] testified to. I have no reason to disbelieve it. Accordingly, I am going to grant the motion."

What was the substance of the testimony of Mrs. Smith which the trial court had "no reason to disbelieve"? In pertinent part it follows:

Mr. Smith was credited with either $2000 or $3000

when he transferred an earlier model Lincoln car as a down payment on the car in question. Mrs. Smith paid the balance owing of $2000 or $2200. Title was registered originally in the name of Mr. Smith, although it should have been in her name, but in October 1957 title was placed in Mrs. Smith's name. While the record title was in her name the car was subjected to the levy and seized by the sheriff.

In relation to the allegation that Mrs. Smith had the entire equitable and legal ownership of the car, her evidence revealed that she had the legal title but that she and her husband each owned a proportionate interest in the car.

It was proper to proceed by motion in the case in which judgment was rendered. Certainly, a separate suit in replevin or by injunction would not be necessary, nor should Mrs. Smith be relegated to an action for damages for conversion of property. Indeed, an injunction proceeding could under certain circumstances be of highly doubtful propriety. "[N]o proceeding to enjoin the execution of an order or judgment of one court may be brought in a court of co-ordinate jurisdiction, but any relief must be sought in the court whose order or command is involved." *Wright v. Superior Court,* 43 Cal. App. 2d 181, 110 P. (2d) 529.

Intervention may be de facto; "[o]ne who has not been made a party to a cause may make himself a party by moving to set aside the * * * order complained of, or by otherwise submitting himself to the jurisdiction of the court." *Smith v. Mingramm,* 104 Cal. App. 95, 285 Pac. 354. See *Elliott v. Superior Court,* 144 Cal. 501, 77 Pac. 1109, 103 Am. St. Rep. 102; *Baca v. Catron,* 24 N.M. 242, 173 Pac. 862. The failure to formally intervene was not made the basis of any objection; the motion of Mrs. Smith was heard, ruled upon, and final disposition made thereof without question by the court or by the parties as to the regularity of her being a party.

An execution is a process of the court; its mandate is

carried out by an officer of the court; it is the means by which the court's judgment is enforced. It is often spoken of as the last procedural step in a suit. "An execution is a judicial writ issuing from the court where the judgment is rendered, *directed to an officer thereof,* and running against the body or goods of a party, by which the judgment of the court is enforced." (Emphasis supplied.) 23 C.J. 305, §1. It is the final process issued by the court to carry out and enforce its judgment after an adjudication of the rights of the parties. *Hurlbutt v. Currier,* 68 N.H. 94, 38 Atl. 502; *Dobbins v. Peoria First Natl. Bank,* 112 Ill. 553.

It is by process that a person becomes amenable to court action. Mrs. Smith, although not a party to the original suit, became one to all intents and purposes when her property, or her interest in property, was subjected to the execution process. She was not a party in name, but she was one in fact. As well argue that, notwithstanding one is brought into court by the scruff of his neck pursuant to a body execution, he would be unable to present the fact that he was not the person described in the process, and this on the theory that he was not a party named in the pleadings. This is an absurd situation, but it frequently takes absurd applications to show the rightness or wrongness of the holding of a court. The fact is that whether execution is issued against the property or upon the body of a person, that person, although not named as a party in the suit, is willy-nilly in court.

It has been intimated that Geer, the ex-officio sheriff of Denver, filed no responsive pleading to Mrs. Smith's motion. Geer was not a party to the action, and it was not incumbent upon him to file any pleading. In carrying out execution process the sheriff is an officer of the court, and the court should not in effect be making itself a party to the action. This is made clear by C.R.S. '53, 35-5-15:

"The sheriff in person, or by his undersheriff or

deputy, shall serve and execute, according to law, all processes, writs, precepts and orders issued or made by lawful authority and to him directed, and shall attend upon the several courts of record held in his county."

Notwithstanding the motor vehicle registration law, one may have an equitable interest in a car. And where the statute of frauds is not injected into the case, a showing of an equitable interest should be recognized by the court. Here the husband had an interest in the automobile made the subject of execution process. The husband's creditor could reach his interest to the extent of his debt, if his interest was sufficient to satisfy the debt. *Hearn v. Lander,* 11 Bush (Ky.) 669; *Wheeler v. Biggs,* 15 So. 118 (Miss.); *Thurber v. La Roque,* 105 N. C. 301, 11 S.E. 460.

I would hold that an equity in personal property — in this case, the automobile — is subject to execution process to satisfy the judgment. *Ellis v. Gibbons,* 26 Colo. App. 454, 145 Pac. 285; *Gordon v. Hillman,* 107 Wash. 490, 182 Pac. 574. In this state, "All and singular the goods and chattels, lands, tenements and real estate of every person against whom any judgment shall be obtained in any court of record, either at law or in equity for any debt, damages, costs or any other sum of money, shall be liable to be sold on execution issued upon such judgment. * * * " C.R.S. '53, 77-1-2.

In construing a similar statute, the Supreme Court of Washington in the case of *Gordon v. Hillman,* supra, held:

"It is contended that Hillman's interest in the note and mortgage, being an equitable one only, is not subject to sale on execution; and many authorities are cited to show that such was the rule at common law. Our statute has, however, removed this question from the realm of the common law. Rem. Code, §518, provides:

" 'All property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution.'

"Under this statute, it was held in Calhoun v. Leary, 6

468

Wash. 17, 32 Pac. 1070, that an equitable interest in land will be divested by sale under execution; and we are not now disposed to limit the statute."

To the extent that the trial court believed that Mr. Smith had an interest in the car in question (represented by his proportionate share of the purchase), it should have held the same subject to execution, and in this respect only the determination of the trial court should be reversed.

MR. JUSTICE DOYLE joins in this dissenting opinion.