Charles James **GRIFFIN** and Dorothy Tyler, Plaintiffs-Appellants,

v.

Lloyd T. **PATE,** Jimmie R. Darrington, Paul Ricks and Robert N. Byrne, Defendants-Appellees.

No. 79CA1168.

Colorado Court of Appeals, Div. I.

Nov. 27, 1981.

Rehearing Denied Jan. 7, 1982.

Certiorari Denied April 5, 1982.

Trimble & Tate, Penfield W. Tate, II, Darrell Nulan, Denver, for plaintiffs-appellants.

Kane, Donley & Wills, Thomas Kelly Kane, Earl William Shaffer, Jr., Colorado Springs, for defendants-appellees.

COYTE, Judge.

Plaintiffs appeal the judgment dismissing their complaint against defendants. We affirm.

Plaintiffs filed suit against defendants alleging that plaintiffs were physically assaulted and harassed by defendants. The amended complaint consisted of two causes of action. There was no designation of separate causes of action in assault and battery, negligence, trespass, violation of civil rights under 42 U.S.C. § 1983, nor claim for outrageous conduct, but plaintiffs nevertheless argue that they have alleged such claims and that the evidence ran to such claims.

In their answer defendants generally denied the allegations of plaintiffs' amended complaint and alleged that plaintiffs' claim of assault and battery was barred by § 13–80–102, C.R.S.1973, the one-year statute of limitations. They also argue that they are immune from liability under § 19–10–110, C.R.S.1973 (1978 Repl.Vol. 8).

The evidence revealed that plaintiff Tyler was the mother of three children attending a local school and plaintiff Griffin was an older son. One of the children was crying in school. When questioned by the teacher it was revealed that the child had welts on her back and was fearful of going home.

Upon talking to the child, the school principal found that a younger sister had gone home earlier in the day and that the child was fearful for the safety of the other two children besides herself. This matter was reported to the school nurse and then to the department of social services who sent a representative to the school. The social services representative called the police.

Defendant Pate, a Colorado Springs police officer, went to the school and interviewed the two children at school, the assistant principal, the school nurse, the case worker from social services, and a school counselor. As a result of these interviews, he decided that all three children should be taken into protective custody. He then went to the childrens' home with the social worker to take protective custody of the child who had gone home earlier in the day. Plaintiffs refused to allow officer Pate to take protective custody of the child. They insisted that the officer had to serve them with an order of court directing them to give protective custody of the child to the officer. After prolonged discussion and some physical confrontation, a police officer, defendant Ricks, who coincidentally was passing by, offered his assistance. Then, in response to a call from Officer Ricks, two other police officers, defendants Darrington and Byrne, arrived to assist him and defendant Pate, and officer Pate arrested plaintiffs for interference with him in the performance of his duties. He then took the child into protective custody.

## STATUTE OF LIMITATIONS

On defendants' motion to dismiss the complaint because of the defense of the one-year statute of limitations, the trial court in effect ruled that the statute barred only the claim for assault and battery, and it deleted from the amended complaint certain paragraphs that would apply only to a claim for assault and battery.

Plaintiffs contend that defendants waived the defense of statute of limitations on the claim of assault and battery by not initially affirmatively pleading such defense in their answer. We disagree.

Although defendants' initial answer to plaintiffs' complaint did not include the affirmative defense of statute of limitations, nevertheless, plaintiffs filed an amended complaint and in their amended answer to the amended complaint, defendants interposed the affirmative defense of statute of limitations. Hence, the defense was timely filed. And, since plaintiffs' complaint on its face shows that it was filed more than one year from the date of the alleged assault, the trial court properly dismissed the claim of assault and battery.

The court also ruled that plaintiffs' claim for exemplary damages was barred by § 13–80–104, C.R.S.1973. However, this specific statute was not pleaded as a bar to the claim of exemplary damages by defendants. And, in any event, plaintiffs' claim for exemplary damages was dependent upon the underlying tort claim and was not "an action for penalty or forfeiture" of any penal statute; therefore, it did not have to be commenced within one year after the offense was committed. *Jones v. Harding Glass Co.*, Colo.App., 619 P.2d 777 (1980). Hence, dismissal of the claim for exemplary damages by reference to the statute of limitations was improper, but, inasmuch as we conclude below that the supporting tort claims were not sustained, the trial court's ruling in this regard was not reversible error.

## 42 U.S.C. § 1983 CLAIM

Plaintiffs contend that they should have been allowed to present evidence on a claim for violation of their civil rights under 42 U.S.C. § 1983. However, § 1983 is not mentioned in their complaint nor in the pretrial order. The only sentence in the complaint that could possibly be termed a claim for violation of their civil rights is their statement:

"The attack of defendant Pate upon plaintiff Griffin was without cause and in violation of plaintiff Griffin's rights under both the Colorado and United States Constitutions."

Prior to the presentation of any evidence, defendants moved that the complaint be dismissed as to plaintiffs' contention that there was a claim for relief under § 1983 because of the lack of specificity in the allegations of plaintiffs' amended complaint. The above quoted allegation in the complaint is all encompassing and fails to put the defendants on notice of what rights have been violated and fails to show that plaintiffs are entitled to relief.

■ Furthermore, a claim under 42 U.S.C. § 1983 standing alone, does not create any substantive rights. *Espinoza v. O'Dell*, Colo., 633 P.2d 455 (1981). "In order to state a claim for relief under § 1983, all that a plaintiff need allege is (1) that some person deprived him of a Federal right and (2) that this person acted under color of state law." *Espinoza v. O'Dell, supra.* Applying this standard to the present case, we conclude that plaintiffs' pleading fails to allege any specific protected rights of which they have been deprived, and thus, that the claim under § 1983 is fatally defective. *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969), *cert. denied*, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed. 399. *See also Shakespeare v. Wilson*, 40 F.R.D. 500 (D.Cal.1966).

Accordingly, the trial court did not err in dismissing this issue from plaintiffs' complaint.

### OUTRAGEOUS CONDUCT

■ The only statement in the amended complaint that could be termed a claim for outrageous conduct was:

"That the conduct of defendant PATE was reckless, wanton and in complete disregard for the rights and feelings of Plaintiffs GRIFFIN and TYLER. The acts of Defendant PATE were intentional and committed with malice towards the Plaintiffs."

Upon defendants' motion after plaintiffs' testimony to dismiss any claim premised on outrageous conduct, the court dismissed the claim, holding that there was no evidence in the record that would support a claim of outrageous conduct.

It is for the trial court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Here, under the evidence presented, we conclude that the trial court was correct in ruling that a claim for outrageous conduct was not sustainable. *See Blackwell v. Del Bosco*, 35 Colo.App. 399, 536 P.2d 838 (1975).

### TRESPASS AND NEGLIGENCE CLAIMS

Upon analysis of the inartfully drawn complaint, the trial court determined that in addition to the claims discussed above, there remain viable a claim for trespass, and a common law negligence claim for relief against the three officers who allegedly stood by, and did not aid plaintiffs. At the conclusion of plaintiffs' evidence the trial court dismissed plaintiffs' complaint on the trespass claim and on the common law negligence claim on the basis that the officers were immune from suit under § 19–10–110, C.R.S.1973 (1978 Repl.Vol. 8), and that they were acting within the scope of their duties and did not need an order of court in order to take temporary custody of the child from the home of her mother. *See* § 19–2–101, C.R.S.1973 (1978 Repl.Vol. 8). This disposition of these claims was correct.

■ On defendants' motion, the trial court took judicial notice of certain statutes, including the above cited immunity statutes. And, the effect of both of the above statutes was argued and was the basis of the trial court's ruling. Thus, although immunity was not pled as an affirmative defense as required by C.R.C.P. 8(c), the immunity statute was argued before the court and the plaintiffs did not object to the manner in which the defense was raised; consequently, we will treat it as being incorporated in the defendants' answer. *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969); *see generally Hercules Equipment v. Smith*, 138 Colo. 458, 335 P.2d 255 (1959).

The defendants claim immunity from any claims of plaintiffs because of their acts in taking the child into protective custody. Section 19–10–110, C.R.S.1973 (1978 Repl. Vol. 8) provides:

> "Any person participating in good faith in ... the placing in temporary protective custody of a child pursuant to this article or otherwise performing his duties or acting pursuant to this article shall be immune from any liability, civil or criminal, that otherwise might result .... For the purpose of any proceedings, civil or criminal, the good faith of any person ... who has legal authority to place a child in protective custody shall be presumed."

Here, in contrast to the situation in *Martin v. County of Weld*, Colo.App., 598 P.2d 532 (1979), there is no contention in the pleadings nor evidence indicating that the officer was not acting in good faith. Thus, there is no showing to rebut the presumption of good faith in the statute.

▪ The only pertinent contention of plaintiffs is that defendants should have had a court order before they could take protective custody of the child. Section 19–2–101, C.R.S.1973 (1978 Repl.Vol. 8), provides:

> "A child may be taken into temporary custody by a law enforcement officer without order of the court:
>
> . . . .
>
> "(b) When he is ... seriously endangered in his surroundings ... and immediate removal appears to be necessary for his protection ...."

Here, since officer Pate, as the result of proper investigation, felt that for the child's protection she should be removed from her mother until an investigation could be made, no court order was required. Accordingly, since officer Pate was acting within the scope of his authority, it cannot be said that the other three officers were negligent in standing by and watching defendant Pate so act.

EVIDENTIARY MATTERS

Plaintiffs finally contend that the trial court erred in refusing to let Tyler testify as to a statement made by a third person during the course of a telephone conversation. Plaintiff Griffin had called the Fort Carson Judge Advocate General's office to inquire as to whether a law enforcement officer seeking to take custody of the child was required to have court orders. Plaintiff Tyler contends she overheard this conversation and attempted to testify thereto. The subject of this conversation would be immaterial, and, in any event, the subject of the conversation was testified to by plaintiff Griffin.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.