**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Plaintiff-Appellee and Cross-Appellant,**

v.

**George W. PIGG, Defendant-Appellant and Cross-Appellee.**

**No. 81CA0292.**

Colorado Court of Appeals, Div. I.

Aug. 12, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Betty Cayatte, Asst. Atty. Gen., Denver, for plaintiff-appellee and cross-appellant.

Ware Marroney & Cole, David E. Ware, Pueblo, for defendant-appellant and cross-appellee.

VAN CISE, Judge.

George W. Pigg (landowner) appeals a partial summary judgment entered in favor of the State Department of Highways (Department) authorizing the Department to enter onto landowner's property and remove five outdoor advertising devices located thereon. The Department cross-appeals the trial court's denial of a permanent injunction to enjoin landowner from erecting or re-erecting any non-permitted advertising devices. We affirm.

In 1974, the Department proceeded against George W. and Louise F. Pigg in eminent domain and condemned 21 nonconforming billboards located on their property. After the award of the commissioners was made an order of court, the Piggs appealed to this court. *State Department of Highways v. Pigg,* (Colo.App. No. 80CA0959, ann'd August 12, 1982) (*Pigg I*). Pursuant to the trial court rule and order entered in the previous case, the 21 billboards were dismantled and removed.

In 1978, before the proceedings preliminary to the appeal in *Pigg I* had been completed, the landowner began erecting new signs on his property. By September 1978, he had erected five signs, and had advised employees of the Department that he intended to erect additional signs. Three of these signs were at sites involved in the condemnation action, and two were on new sites. Violation notices as to all five signs were sent to defendant by the end of September 1978.

When the signs were not removed, the Department commenced this action. In the first claim, it asked for court authorization to enter the property and remove the advertising devices. In the second claim it sought an injunction against the landowner erecting or re-erecting any non-permitted advertising devices on his property. Summary judgment was granted the Department on the first claim. The relief sought in the second claim was denied.

## I. Summary Judgment

■ The landowner contends that the court erred in granting summary judgment

in favor of the Department as there were material issues of fact. He argues that he has the right to re-erect the former sign structures as the owners were never justly compensated for "the right to erect" in the *Pigg I* condemnation proceedings. As that contention was decided in favor of the Department and against landowners in *Pigg I,* and as the signs here were not erected until 1978, landowner was precluded by § 43-1-413(1), C.R.S.1973, from obtaining permits and from erecting new signs either on the old or on the new locations. *See also Alpert Corp. v. State Department of Highways,* 199 Colo. 4, 603 P.2d 944 (1979). Thus, summary judgment was proper.

With this determination, it is not necessary to address the landowner's other contentions.

## II. Injunction

■ The Department contends that the court erred by refusing to grant an injunction against the landowner. It argues that the trial court unduly restricted the means and methods available to it to remove nonconforming advertising devices. We disagree.

The trial court determined that although the landowner, prior to commencement of the lawsuit, had threatened to re-erect all 21 signs, he had complied with the court's oral admonition not to do so while this matter was pending. Then, in denying injunctive relief, the court stated, and we agree:

"That [landowner] has no right to maintain any signs on his property . . . should be perfectly clear, both from the condemnation action and from the summary judgment entered herein. . . . If an injunction were to be issued enjoining the erection of any additional signs by [landowner], and should [landowner] erect additional signs, the court would simply be substituting a contempt remedy for the remedy provided in the statute for removal of illegal signs. Such a substitution of judicial remedies should not be the principal purpose of an injunction."

In other words, the Department had adequate remedies at law, obviating any necessity for the court to impose equitable sanctions. *See* §§ 43–1–406, 43–1–409 and 43–1–417, C.R.S.1973. *See also American Investors Life Insurance Co. v. Green Shield Plan, Inc.,* 145 Colo. 188, 358 P.2d 473 (1960); *Hercules Equipment Co. v. Smith,* 138 Colo. 458, 335 P.2d 255 (1959).

Judgments affirmed.

COYTE and TURSI, JJ., concur.